Grace K. EMERICK and James L. Emerick, Sr., Plaintiffs-Appellees,

v.

FENICK INDUSTRIES, INC., Defendant-Appellant.

No. 76–1298

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 12, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Arthur C. Koski, Boca Raton, Fla., for defendant-appellant.

James W. Crabtree, Miami, Fla., for plaintiffs-appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

GOLDBERG, Circuit Judge:

The sole question presented in this appeal by Fenick Industries is whether the district court, in its choice of sanctions available under Fed.R.Civ.P. 37(b)(2), abused its discretion by striking the appellant's answer and counterclaim and entering judgment for the appellees, Grace and James Emerick.[1] We affirm.

The appellees brought this action in November 1974 to collect sums in default on a promissory note executed by the appellant in connection with the appellees' sale to appellant of two corporations. The principal defenses raised by the appellant included misrepresentation of the accounts receivable of one of the purchased corporations and breach of a non-competition agreement incident to the sale. The appellant also alleged that it had partially satisfied its obligation on the note before its default.

The appellees initiated discovery by requests to produce documents in January 1975. They filed additional requests, interrogatories, and supplemental interrogatories through February 1975. The appellant failed fully to comply with these requests and on June 5, 1975, the district court granted the appellees' motion to compel discovery. On July 15, the court ordered the appellant to comply with the June 5 order within five days. The appellant only partly complied. On October 17, 1975, the court considered the appellees' motion for sanctions. The court again ordered the appellant fully to comply, observing that the appellant's failure to comply had been "unbelievably flagrant." On November 24, the district court found that the appellant had still not completely complied with its previous orders and that the appellant's disregard of those orders remained "unbelievably flagrant." The court ordered judgment against the appellant.

The appellant contends that it has complied with the district court's orders. Its strongest argument is that it was unable to comply with the appellees' request for "ledgers and journals" because the appellant did not keep ledgers or journals. The appellant avers that its business records

---

1. Fed.R.Civ.P. 37(b)(2) provides in pertinent part:

"If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(b)(2)(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;"

were kept by computer and were available only on a codified computer print-out. This argument was not raised prior to November 1975. The appellant nevertheless argues that the district court determined only in November 1975 that the computerized summary constituted a ledger or journal. Consequently, according to the appellant, the court should then, rather than striking the appellant's pleadings, merely have ordered the production of such material.

 The discretion of the district court to order sanctions under Rule 37(b)(2) is broad but not unlimited. The due process clause of the fifth amendment limits the power of courts to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause. *Societe Internationale v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). When the disobedient party is a plaintiff, dismissal with prejudice is a sanction of last resort, applicable only in extreme circumstances. *Thomas v. United States,* 531 F.2d 746, 749 (5th Cir. 1976); *Bon Air Hotel, Inc. v. Time, Inc.,* 376 F.2d 118 (5th Cir. 1967).[2] When the disobedient party shows that his recalcitrance was based on factors beyond his control or on his exercise of constitutional privilege, a reviewing court is justified in terming the dismissal an abuse of discretion. *See Thomas v. United States, supra; Dorsey v. Academy Moving & Storage,* 423 F.2d 858, 861 (5th Cir. 1970). When, as here, a defendant's pleadings are stricken, an appellate court's review should be particularly scrupulous lest the district court too lightly resort to this extreme sanction, amounting to judgment against the defendant without an opportunity to be heard on the merits.

 Nevertheless, when a defendant demonstrates flagrant bad faith and callous disregard of its responsibilities, the district court's choice of the extreme sanction is not an abuse of discretion. It is not our responsibility as a reviewing court to say whether we would have chosen a more moderate sanction. It is our responsibility solely to decide whether the district court could, in its discretion, have determined the appellant's conduct to be so flagrant as to justify striking its pleadings. In the case at bar, the district court's findings that the appellant was in "flagrant disregard" of the court's orders finds support in the record. We cannot say the district court abused its discretion.

Although we could infer that, following imposition of a more lenient sanction, the chastened appellant might have complied with the district court's orders, the Supreme Court has emphasized the deterrent aspect of Rule 37(b)(2) sanctions. In *National Hockey League v. Metropolitan Hockey Club, Inc.,* —— U.S. ——, ——, 96 S.Ct. 2778, 2781, 49 L.Ed.2d —— (1976) (per curiam), the Court observed:

> If the decision of the Court of Appeals [holding that the district court abused its discretion] remained undisturbed in this case, it might well be that *these* respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts.

The order of the district court is

AFFIRMED.

---

2. *Cf. Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210 (5th Cir. 1976) (applying Fed.R. Civ.P. 41(b), dismissal without prejudice for want of prosecution was improper); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917, 920 (5th Cir. 1974) (applying Fed.R.Civ.P. 41(b), dismissal with prejudice was improper where there was not contumacious and vexatious delay).