**NADALIN & KNUDSON MFG., INC., Plaintiff,**

v.

**ARCTIC EQUIPMENT CO., INC., Defendant.**

**Civ. A. No. H–79–176.**

United States District Court, S. D. Texas, Houston Division.

June 19, 1980.

442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1980).

subsequently withdrawn, and during the prosecution of the appeal in *Califano v. Yamasaki,*

Richie & Greenberg, Roger B. Greenberg, Houston, Tex., for plaintiff.

Brady & Hines, Robert L. Hines, Galveston, Tex., for defendant.

## MEMORANDUM AND ORDER

STERLING, District Judge.

Pending before the Court is Plaintiff's reurged motion for sanctions pursuant to Rule 37(b)(2), Fed.R.Civ.P. The motion is opposed. Plaintiff seeks sanctions against Defendant, Arctic Equipment Co., Inc. [hereinafter Arctic] for failure to comply with the Court's Orders of October 4, 1979, and January 9, 1980.

Pursuant to the Court's Memorandum and Order of October 4, 1979, Defendant was directed to produce, within 20 days from the entry of the Order, the documents requested by Plaintiff. Defendant's designated agent, Mr. Darvin R. Watson, and deponent, Mr. Robert Anderson, were ordered to answer fully the questions from their depositions. Moreover, Defendant was ordered to pay Plaintiff $500.00 to cover Plaintiff's reasonable expenses incurred in obtaining the order. Defendant wholly failed to comply with the Court's Order of October 4, 1979. Further, Defendant did not seek a protective order under Rule 26(c), Fed.R.Civ.P. or offer any reason for its failure to comply.

On October 31, 1979, Plaintiff filed its motion for sanctions against Defendant Arctic, requesting the Court to render a judgment by default. By the Court's Memorandum and Order of January 9, 1980, Defendant Arctic was directed to comply with the Court's Order of October 4, 1979 within 30 days.

Plaintiff, on March 21, 1980, filed its motion reurging sanctions for Defendant's complete failure to comply with the Court's Order of January 9, 1980. Defendant, Arctic, on April 25, 1980, filed its "Response" to Plaintiff's reurged motion. In its response Defendant set forth answers to some of the unanswered questions from the depositions of Messrs. Watson and Anderson. However, Defendant failed to respond to several questions and gave partial, evasive or incorrect responses to others. Defendant produced but 10 documents and failed to pay Plaintiff for its costs in obtaining the Order of October 4, 1979. Moreover, Defendant gave no reason for its failure to make a timely and complete response.

After Plaintiff pointed out the deficiencies in Defendant's response, Defendant filed a supplementary response denying any deficiencies in the answers submitted. Additionally, Defendant declined to answer several questions because of Plaintiff's alleged failure to cite to the proper pages of the Anderson deposition. In view of the fact that counsel for Defendant was present at the Anderson deposition, the Court is of the opinion that Defendant's argument concerning pagination is merely an attempt at evasion.

112

The Court is singularly unimpressed by Defendant's dilatory tactics and transparent efforts at obfuscation. The record clearly discloses that Defendant has consistently demonstrated willful disobedience to the Court's Orders and callous disregard of its discovery responsibilities. *See, Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976). Defendant's only defense for its recalcitrance is that it has exhausted its funds. Whereas an inability to pay may, if properly presented, excuse Defendant's failure to pay Plaintiff's costs, it can not excuse or mitigate Defendant's flagrant behavior in failing to comply with the Court's Orders. Id. In light of the above, the Court is of the opinion that Plaintiff's reurged motion for sanctions must be granted. It is, therefore,

ORDERED that Plaintiff's reurged motion for sanctions is GRANTED and judgment by default is hereby rendered against Defendant, Arctic Equipment Co., Inc. Defendant will pay Plaintiff $375.00 to cover its reasonable expenses incurred in obtaining this order. It is further ORDERED that a hearing before the Court be set for ＿＿＿＿＿ on the ＿＿＿＿＿ day of ＿＿＿＿＿, 1980, for the purpose of hearing evidence on the issue of damages in connection with the judgment by default against Defendant, Arctic Equipment Co., Inc.