**Fairlene B. LINDSEY et al., Plaintiffs,**

**v.**

**James C. JACKSON, Defendant.**

**No. WC 79–53–S–P.**

United States District Court,
N. D. Mississippi, W. D.

July 1, 1980.

DeWitt T. Hicks, Jr., Gholson, Hicks & Nichols, Columbus, Miss., James J. Jenkins, Phelps, Owens, Jenkins, Gibson & Fowler, Tuscaloosa, Ala., for plaintiffs.

**406**

James C. Jackson, pro se.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court upon the plaintiffs' motion for sanctions against the defendant for failure to comply with discovery requests and orders of this court. Specifically, the plaintiff seeks to have this court enter a judgment against the defendant, pursuant to Rule 37(b)(2)(C), Fed.R. Civ.P. Because of the nature of this action, and the severity of the sanctions which plaintiff seeks, a review of the relevant facts is necessary for a proper resolution of the issue.

The record in this case shows that the complaint was filed on April 2, 1979. The plaintiff, suing individually and as the executrix of the estate of A. D. Ellis, is the mother of the defendant. She alleges that the defendant has in his possession or control a certain sum of money which he procured while exercising a power of attorney. At the time the complaint was filed, the plaintiff also submitted certain requests for admission and interrogatories to the defendant. The defendant, through counsel, requested and was granted an extension of time within which to answer and within which to respond to the discovery requests. On May 11, 1979, plaintiff filed a notice to take the defendant's deposition, and this deposition was taken on May 17. The defendant's answer was filed on June 12, 1979, and the clerk entered an order on discovery deadlines on that same date. Completion of discovery was ordered by October 12, 1979.

On July 24, 1979, the plaintiff filed a motion to compel discovery, on the grounds that the defendant at his deposition taken on May 17, had refused to answer or had evasively answered certain questions. The defendant also claimed a privilege under the Fifth Amendment, and the plaintiff alleged that there were no reasonable grounds for invoking such a privilege. In an order dated August 21, 1979, the United States Magistrate granted the plaintiff's motion to compel, on the grounds that the

defendant had failed to respond to the interrogatories in a timely manner, and that he had not established the existence of a Fifth Amendment privilege.

On October 11, 1979, the plaintiff filed a motion for judgment on the pleadings and for citation of contempt, on the grounds that the defendant had failed to comply with the magistrate's order of August 21. Since the defendant's failure to comply with an order of the court was in a proceeding before the magistrate, the magistrate was required to certify the facts to this court, pursuant to 28 U.S.C. § 636(e). This certification of facts was submitted on December 13, 1979, and on December 18, 1979, the court entered an order requiring the defendant to appear and show cause why he should not be held in contempt. A hearing was held on January 2, 1980, at which the defendant submitted himself to examination under oath. The court held the defendant not to be in contempt, and required him to respond to plaintiff's discovery requests within 30 days. It was further ordered that should the defendant fail to respond within the required time period, he would be subject to arrest and incarceration by the Marshal.

Plaintiff has now filed this motion for sanctions, seeking a judgment against the defendant for his failure to comply with the court's order. In support of the motion, the plaintiff has submitted the affidavit of Honorable James J. Jenkins, one of plaintiff's counsel of record. Mr. Jenkins states that he was contacted by the defendant, and was informed that the defendant did not have the records which he was ordered to produce. This is the only contact which Mr. Jenkins had with the defendant. For this failure to comply with the court's order, plaintiff seeks a judgment against the defendant, as well as an award of reasonable attorney's fees incurred in seeking sanctions.

■ Rule 37(b)(2) provides, in pertinent part, as follows:

If a party . . . fails to obey an order to provide or permit discovery . .

the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

.    .    .    .    .

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

The imposition of any of these available sanctions is within the discretion of this court, and should not be disturbed absent a flagrant abuse of that discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747, 751 (1976). The decision in *National Hockey League* was the first Supreme Court interpretation of Rule 37 since the 1970 amendments, which deleted the requirement of "wilfulness" in failure to obey discovery requests. *See* E. Epstein, *An Update on Rule 37 Sanctions After National Hockey League v. Metropolitan Hockey Clubs, Inc.*, 84 F.R.D. 145 (1980). The court did not specifically address itself to the question of wilfulness as a prerequisite to sanctions, but it did hold that the district court did not abuse its discretion in dismissing the action upon a finding of "flagrant bad faith" and "callous disregard" of responsibilities. The district court had relied upon the following factors as justification for dismissing the action: (1) repeated extensions had been granted to the plaintiff to file answers; (2) no supplemental interrogatory answers had been filed even seventeen months after the entry of an order compelling such answers to be made; (3) the District Court had warned the plaintiff that it did not consider the defendant's motion to dismiss to be a frivolous one; (4) other discovery motions had been repeatedly before the court in the case; .    .    ..
*Epstein, supra* at 146. All of these factors are present in this action, as the record amply demonstrates.

■ This action is similar to the facts in *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379 (5th Cir. 1976). The plaintiffs in that case brought an action on a promissory note, and sought the production of certain documents from the defendant. The defendant, after almost two years had passed since the outstanding discovery request, contended that it could not comply because it did not have the records sought. That seems to be the defendant's argument here, although he makes it indirectly to counsel for the plaintiff, rather than directly to the court. The district court in *Emerick* ordered judgment against the defendant and the Fifth Circuit affirmed. The court held that a district court's exercise of discretion in imposing this ultimate sanction is "broad but not limited." 539 F.2d at 1379. Before an action may be dismissed, the disobedient party must be given the opportunity for a hearing on the merits. However, "when a defendant demonstrates flagrant bad faith and callous disregard of its responsibilities, the district court's choice of the extreme sanction is not an abuse of discretion." *Id.* The defendant's bad faith was clearly demonstrated in that case, because it had not offered the excuse of nonexistence of the records until 11 months after the discovery requests were filed.

■ In this action, the defendant's excuse is as untimely as the one in *Emerick*. Discovery requests have been outstanding since the complaint was filed in April, 1979. The record shows that the defendant has consistently failed to respond, not only to the requests from the plaintiff, but also to the orders of this court. He has offered no excuses, nor has he sought any extensions of time to comply with the court's order. Over five months ago, this court warned the defendant of the possible consequences of his failure to produce the requested documents. Since the defendant has failed to respond, the court is of the opinion that the record vividly demonstrates "flagrant bad faith and callous disregard of .    .    . responsibilities." 539 F.2d at 1381.

As the Supreme Court has noted, Rule 37 does not contemplate that parties should

feel free to flout the court's discovery orders. 427 U.S. at 643, 96 S.Ct. at 2781, 49 L.Ed.2d at 751. The defendant has done so here, and on more than one occasion. The court is aware that Rule 37 provides less stringent sanctions, in order that parties may be given every opportunity to comply. In this case, however, the record indicates that every opportunity has been given, and future attempts to induce compliance will be no more successful than previous ones. The court will, therefore, enter an order providing that the plaintiff shall recover of the defendant the sum of $54,281.88, plus interest at the rate of 8% per annum from the date of the order, as well as all costs of the action.