EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,

v.

TROY STATE UNIVERSITY, The State of Alabama, and its Board of Trustees of Troy State University, Defendants-Appellees.

No. 81–7751.

United States Court of Appeals, Eleventh Circuit.

Dec. 20, 1982.

Rehearing and Rehearing En Banc Denied Jan. 26, 1983.

Mark S. Flynn, Atty., Washington, D.C., for plaintiff-appellant.

Brantley & Calhoun, Richard F. Calhoun, Troy, Ala., Constangy, Brooks & Smith, Chris Mitchell, Birmingham, Ala., for defendants-appellees.

Before RONEY and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

RONEY, Circuit Judge:

This is an appeal from the district court's dismissal of a sex-based wage discrimination suit brought by the Equal Employment Opportunity Commission (EEOC) in a representative capacity on the ground that EEOC failed to comply with discovery orders. We reverse the dismissal and remand for a trial on the merits because it appears from the record that EEOC's noncompliance stemmed from confusion and a misunderstanding of the court's order, not from bad faith or callous disregard of the order. Further, noncompliance did not substantially prejudice the employer. An equally effective remedy, with a less drastic effect on the persons for whom EEOC sued, should have been considered and fashioned by the court.

While a district court has broad powers under Rule 37, Fed.R.Civ.P., to impose sanctions for a party's failure to abide by discovery orders, dismissal of a plaintiff's case with prejudice is "a sanction of last resort, applicable only in extreme circumstances." *EEOC v. First National Bank*, 614 F.2d 1004, 1007 (5th Cir.1980), *cert. denied*, 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 342 (1981); *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976); *Thomas v. United States*, 531 F.2d 746, 749 (5th Cir.1976). *See Bon Air Hotel, Inc. v. Time, Inc.*, 376 F.2d 118, 121 (5th Cir.1967), *leave to file petition for cert. denied*, 393 U.S. 815, 89 S.Ct. 225, 21 L.Ed.2d 17 (1968). Dismissal is generally proper only if the plaintiff acted willfully. *See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958); *Strain v. Turner (In re Liquid Carbonic Truck Drivers Chemical Poisoning Litigation)*, 580 F.2d 819, 822 (5th Cir.1978), *cert. denied*, 441 U.S. 945, 99 S.Ct. 2165, 60 L.Ed.2d 1047 (1979). *Cf. National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (dismissal affirmed but court emphasized "respondents' 'flagrant bad faith' and their counsel's 'callous disregard' of their responsibilities"). The hesitancy to dismiss a suit

is especially appropriate when a dismissal could impede employees within the scope of the Commission's action from receiving redress for their employer's Equal Pay Act violations.

A chronological review of the relevant proceedings is helpful in understanding our disposition of this case. EEOC brought this action pursuant to section 17, Fair Labor Standards Act, 29 U.S.C.A. § 217, on behalf of the female faculty at Troy State University. The Department of Labor conducted the initial administrative investigation of Troy State's pay practices. The enforcement responsibilities under the Equal Pay Act were transferred to EEOC. The investigative file included the department investigator's three page summary of findings, referred to as the "Narrative Report." One section of that report labeled "Complaint Data" contained the name of a complaining employee and the substance of her complaint. The investigative file also contained a number of exhibits, some of which were referred to in the summary. Among the exhibits were records of statements furnished by Troy State employees regarding the University's pay practices.

On *May 4, 1981,* the district court issued a protective order exempting the Commission from disclosing documents identifying persons who talked with or were interviewed by the Department of Labor or EEOC.

On *May 12,* Troy State moved to compel Commission production of the investigator's Narrative Report, a memorandum written by EEOC attorneys concerning this action, and "any other documents included within the investigative file which documents are not covered by the Court's protective order of May 4, 1981." At the same time, the Commission moved for a protective order to limit Troy State's questioning of deponents, arguing that "defendants are trying to obtain, through individual deponents, the very same information that has already been placed under a protective order."

On *May 18,* the district court granted Troy State's motion to compel discovery, ordered EEOC to produce the Narrative Report, granted Troy State's motion to overrule EEOC's deposition objection and denied the Commission's motion for a protective order, ruling that Troy State could inquire into whether deponents were contacted or interviewed by EEOC or the Department of Labor.

The Commission supplied Troy State with the Narrative Report but did not produce any exhibits in the investigative file and deleted the portion of the report that identified the complaining party. EEOC reasoned that the May 4 order protected the deleted information from disclosure.

On *June 4,* Troy State filed a motion to compel production of an unexcised copy of the Narrative Report and all exhibits or attachments.

On *June 8,* one month prior to trial, the district court issued an order to show cause on or before June 19 why EEOC's action should not be dismissed for failure to follow the court's discovery orders. In response to the court order to show cause, EEOC stated that it did not believe the May 18 order allowed Troy State to inquire without restriction into either the identity of complainants or the substance of the Government's discussions with Troy State employees.

On *June 26,* the district court held a telephone conference with counsel for the parties. During this conference, the court stated that in its opinion EEOC could not prevent Troy State from obtaining the information faculty members had provided EEOC since this information constituted the very evidence Troy State had to defend against. The court again ordered the production of the entire Narrative Report, including all exhibits as well as any statements made during the investigation. Although the Commission provided all interview statements, it produced only those exhibits from the investigative file that were specifically referred to in the report.

On *June 30,* Troy State moved to dismiss the action on the ground that EEOC had

not complied with the court's oral order in that it (1) had excised the portion of the Narrative Report identifying the complainant and (2) had supplied only exhibits referred to in the Narrative Report. On the same day, EEOC supplied the court with the name of the complaining witness. It responded to Troy State's motion by indicating that it had complied with the court's earlier orders by supplying the exhibits specifically referred to in the Narrative Report and exhibits connected with the directive to produce interview statements. EEOC stated that it did not understand the court's oral order to require production of all exhibits in the investigative file.

On *July 6*, the court held a hearing on the motion to dismiss. When the court determined that all the exhibits in the investigative file had not been furnished, it stated that it intended to dismiss EEOC's suit.

On *July 10*, EEOC, at the court's request, filed a memorandum setting forth its view of the effect of a dismissal on the individuals allegedly discriminated against.

On *July 20*, the court entered an order dismissing the Commission's case "without prejudice to the rights of the individual faculty members" based on the court's finding that the continuous, willful refusal to comply with its orders left no alternative to dismissal.

EEOC asserts on appeal that dismissal of the Equal Pay action left aggrieved employees of Troy State with no remedy for their employer's sex-based wage discrimination. It argues that the severe sanction of dismissal was unjustified for three reasons. First, it asserts that the information provided by Troy State employees to the Government was privileged. Second, EEOC claims to have tried in good faith to comply with a confusing oral order as it understood it. Third, the Commission argues Troy State suffered no prejudice from its lack of access to the exhibits that EEOC did not produce.

We need not decide whether EEOC could be required to furnish what it characterizes as privileged information.[1] Nor do we have to decide precisely what effect the dismissal has on the rights of the individuals.[2] EEOC has represented on appeal both before and at oral argument that it is now willing to

---

1. *Wirtz v. Continental Finance & Loan Co. of West End,* 326 F.2d 561 (5th Cir.1964), recognizes a privilege embracing employee complaints and statements made to the Department of Labor during its investigations of Fair Labor Standards Act violations.

2. The Commission argues:

Section 16(b) of the FLSA provides individual employees with a private right of action to redress violations of the Act. 29 U.S.C. § 216(b). However, the same section explicitly states "the right provided by this subsection to bring an action ... *shall terminate upon the filing of a complaint by the Secretary of Labor in an action under Section 17* in which (1) restraint is sought of any further delay in the payment of ... wages ... owing to such employee under section 6 ... of this Act." See S.Rep. No. 145, 87th Cong., 1st Sess., reprinted in [1961] U.S.Code Cong. & Ad.News 1620, 1658–59 ("[The f]iling of a complaint by the Secretary pursuant to the new authority given him to initiate such injunction suits without formal requests from employees, terminates the right of individuals to later file suit for compensation and liquidated damages under 16(b.").); Conf.Rep. No. 327 87th Cong., 1st Sess., reprinted in [1961]

U.S.Code Cong. & Ad.News 1706, 1713. The Fifth Circuit has recently considered and analyzed this statutory language in *Donovan v. University of Texas at El Paso,* 643 F.2d 1201, 1207 (5th Cir.1981) where it concluded that "the claims of *all* employees who had not already initiated private actions are consolidated at the time of the filing of the Secretary's suit" and thus "[t]he right of an affected employee to *commence* or become a party plaintiff in a private action terminates."; emphasis in original. See also *Wirtz v. Malthor,* 391 F.2d 1, 3 (9th Cir.1968) ("[T]he amendment made ... in 1961 withdraws an employee's right to sue for the unpaid wages and overtime compensation due him under the FLSA if the Secretary files an action against the employer ....").

Therefore, since a governmental action has been filed by the Commission under section 17 seeking vindication of the equal pay claims of Troy State faculty members, the statute expressly "withdraws" (*Wirtz v. Malthor, supra*) their right to bring a section 16(b) action covering those same claims. Since the statute withdraws the right to sue itself, the rights of faculty members on whose behalf the suit was brought are extinguished without regard to the district court's order that the dismissal be "without preju-

give Troy State without objection all material that has been requested to date. Troy State argues that the record of the July 6 hearing demonstrates EEOC was not then willing to give all material the court had ordered. We have read the record and are not so sure. EEOC argues that it had "caved" on its argument of privilege. What each party was trying to say may have differed from what was understood. In any event, the court never issued a specific written order delineating precisely what EEOC needed to provide in order to forestall dismissal. Such an order followed by a refusal to comply might have properly set the stage for dismissal.

The primary dispute revolved around EEOC's unwillingness to disclose the identity of the complaining party, her complaint, and statements made by Troy State employees to the Department of Labor. As EEOC admits, by the time of the July 6 hearing on Troy State's motion to dismiss, the Commission had been compelled by the June 26 oral order to hand over at least some documents from the investigative file that it claimed were privileged. On June 26, the day the court issued its oral order, the Commission delivered all exhibits specifically referred to in the Narrative Report. At the July 6 hearing, counsel for the Commission explained that he believed EEOC had complied with the June 26 order and that the Commission had not understood the order to require production of all exhibits in its investigative file.

The Commission's interpretation of the June 26 order does not seem to have been wholly unreasonable. In its opinion dismissing the suit, the district court stated that its oral order required "production of the entire 'Narrative Report,' including all exhibits ...." In its motion seeking dismissal, Troy State had described the June

26 order as requiring production of the Narrative Report "including all exhibits *thereto*" (emphasis supplied). If these descriptions of the order are accurate, then EEOC justifiably could have believed it had to produce only the exhibits mentioned in the report.

EEOC's confusion concerning other court orders provides a feasible explanation for its failure to produce the exhibits earlier in the litigation. Prior to the June 26 order, the Commission apparently believed that the May 4 protective order, which exempted disclosure of documents identifying informers, protected much of the material contained in exhibits in the investigative file. Further, the district court's May 18 order compelling discovery did not expressly require the production of exhibits in the investigative file. The May 18 order compelled EEOC to produce the Narrative Report, but otherwise denied Troy State's motion to compel, including its demand for all other documents within the file not covered by the May 4 protective order.

Once the Commission fully understood that the court expected it to produce all exhibits in the file, it indicated it was willing to comply. Although EEOC's position at the July 6 hearing was somewhat unclear, it confirmed in a subsequent memorandum to the district court prior to the entry of the dismissal order that it stood ready to provide the remaining undisclosed exhibits.

■ The Commission's actions do not appear to constitute willful misconduct justifying the "use of the Draconian remedy of dismissal." *Marshall v. Segona*, 621 F.2d 763, 767 (5th Cir.1980). A party's simple negligence or other action grounded in a misunderstanding of a court order does not warrant dismissal. *Id.* at 768. The con-

---

dice to the rights of individual faculty members" and without regard to the normal rules of res judicata.

Troy State argues, however, that *Truvillion v. King's Daughters Hosp.*, 614 F.2d 520 (5th Cir. 1980), and *Jones v. Bell Helicopter Co.*, 614

F.2d 1389 (5th Cir.1980), establish that an employee retains the right to bring an independent action if the dismissal of EEOC's suit is not "on the merits" within the meaning of Fed.R.Civ.P. 41(b).

trast between EEOC's actions in this case and counsel's actions in a case decided this day in which we affirm a district court's sanction of pleading dismissal is apparent from a review of that case. *State Exchange Bank v. Hartline*, 693 F.2d 1350 (11th Cir. 1982). Further, the Government initially procured most of the information Troy State wanted from Troy State itself. It is significant, though not controlling, that Troy State was not prejudiced by any "lack of access" to information. *Marshall v. Segona*, 621 F.2d at 768.

Dismissal is generally proper only where less drastic sanctions cannot substantially accomplish its purpose. *Id. See Aztec Steel Co., A.F.S.C.O. v. Florida Steel Corp.*, 691 F.2d 480, 481–82 (11th Cir. 1982). EEOC in its July 10 memorandum on the effect of dismissal on the individual rights of Troy State employees suggested alternatives which could have alleviated all prejudice, if any existed, to Troy State from the Commission's failure to produce the exhibits. The Commission specifically suggested that the case be allowed to proceed to trial and Troy State be given access to all exhibits and data in the Department of Labor's investigative file. In the alternative EEOC suggested that if prejudice to Troy State could be shown, the court could limit production of EEOC's evidence accordingly. The record does not disclose that the court considered either these or other available sanctions and decided they would not be effective. We do not suggest which, if either, of these alternatives should have been adopted. We merely conclude that something short of dismissal was appropriate.

Because the Commission probably could have avoided dismissal and thereby eliminated the need for appeal by making clear at the hearing its willingness to produce all the exhibits, each party shall bear its own costs on appeal.

REVERSED AND REMANDED.