David Michael **STARKS**, et al., Plaintiffs,

v.

**Sheriff Jim BOWLES, Defendant.**

No. CA–3–87–0201–T.

United States District Court, N.D. Texas, Dallas Division.

Jan. 11, 1988.

David Michael Starks, pro se.

Peter L. Harlan, Asst. Dist. Atty., Dallas, Tex., for defendant.

## ORDER GRANTING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

MALONEY, District Judge.

On August 11, 1987 Defendant filed his Motion to Dismiss.

On November 12, 1987 Defendant filed his Motion for Summary Judgment.

The Court, having considered these Motions and supporting argument, is of the opinion that these Motions should be granted.

Defendant urges the Court to grant summary judgment on four issues:

1. Whether Plaintiffs' failure to answer Defendant's interrogatories and comply with the Order of the United States Magistrate justifies dismissal of the suit;

2. Whether Plaintiffs have stated a cognizable federal claim against Defendant;

3. Whether Plaintiffs' claim for damages against Defendant is barred by the doctrine of qualified immunity; and,

4. Whether there is a sufficient case or controversy to support Plaintiffs' claim for injunctive relief against Defendant.

### Plaintiffs' Failure to Comply with Discovery Orders

The record reflects that Defendant served Plaintiffs with interrogatories under Fed.R.Civ.P. 33 on May 8, 1987. Plaintiffs failed to answer the interrogatories. On June 16, 1987 Defendant filed a Motion to Compel answers, and this Court referred this Motion to Magistrate Sanderson for determination on June 18, 1987.

On July 21, 1987 Magistrate Sanderson entered an order finding that Plaintiffs' refusal to answer the interrogatories was without justification and ordered Plaintiffs to serve full and complete answers within 20 days. Magistrate Sanderson also ordered that Plaintiffs' failure to comply

could result in sanctions, including dismissal of their complaint.

On August 11, 1987 Defendant moved for dismissal for Plaintiffs' failure to comply with Magistrate Sanderson's order. On August 28, 1987 Plaintiff Starks served answers to the interrogatories on Defendant's counsel. The Court is of the opinion that the answers served by Plaintiffs are insufficient to comply with discovery rules, or with the order entered by Magistrate Sanderson.

On November 24, 1987 Plaintiff Starks filed his Second Amendment to Interrogatories. Plaintiff Starks addresses in this document the answers he previously served regarding the facts upon which he bases his complaint. The Court, reading these answers liberally, is of the opinion that Plaintiff Starks has failed to establish factually a basis for his complaint. The Court is of the opinion that dismissal of this complaint for Plaintiffs' failure to comply with discovery would not be an abuse of discretion.[1] The Court is further of the opinion that as a matter of law Defendant is entitled to summary judgment on the other three issues presented in his Motion for Summary Judgment.

### Plaintiffs' Failure to State a Cognizable Federal Claim

The gravamen of Plaintiffs' complaint is that they were allegedly subjected to overcrowded living conditions as inmates of Dallas County Jail in violation of their constitutional rights.[2]

Plaintiffs allege that their rights under the 8th Amendment to the United States Constitution have been violated. The Court is directed by *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), regarding the appropriate limits on the treatment and conditions of confinement which states may impose upon prisoners.[3]

The Court concludes that a reading of *Bell* requires that the conditions of confinement at issue here be viewed under the same standard as though Plaintiffs had already been convicted of the crimes with which they were charged while incarcerated at Dallas County Jail.[4] Applying this analysis to the conditions stated in Plaintiffs' answers to Defendant's Interrogatories, the Court is of the opinion that these allegations are insufficient to establish a violation of Plaintiffs' constitutional rights. The conditions as stated by Plaintiffs do not involve "the unnecessary and wanton infliction of pain" which might provide the basis of a constitutional tort.[5] The Court is therefore of the opinion that Plaintiffs have failed to establish a viable federal claim under the 8th Amendment against Defendant.

### Plaintiffs' Claim for Damages Barred by Qualified Immunity

A plaintiff must plead specific facts to support a claim against a governmental official who is entitled to the protection of immunity in order to survive a motion to dismiss. *Elliott v. Perez*, 751 F.2d 1472 (5th Cir.1985); *Morrison v. City of Baton Rouge*, 761 F.2d 242 (5th Cir.1985). A plaintiff must plead material and specific facts which establish his right to recovery. A plaintiff must also include a specific ac-

---

1. *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379 (5th Cir.1976); *Morton v. Harris*, 628 F.2d 438 (5th Cir.1980).

2. Plaintiff Starks, in answering Defendant's Interrogatory Numbers 6, 13, and 14 alleges that he was held in a tank where there were only 23 bunks, and that a total of 25 people were being held in the tank. 2 of the inmates had to sleep on mattresses on the floor of the cell.

3. *Bell* involved claims from inmates regarding their pretrial detention. The case addressed the issue of "double bunking" and determined that this practice does not deprive pretrial detainees

of their liberty without due process of law. At 530–543, 99 S.Ct. at 1869–1876.

4. *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir.1985).

5. The 8th Amendment prohibits the infliction of cruel and unusual punishment. States may not impose punishments that "shock the conscience, involve unnecessary and wanton infliction of pain, offend evolving notions of decency, or are grossly disproportionate to the offense for which they are imposed." *Newman v. Alabama*, 503 F.2d 1320 (5th Cir.1974).

count of all facts which support the contention that the immunity doctrine may not be successfully maintained by the defendant. *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Elliott,* at 1479, n. 20.

 *Elliott* holds that if a plaintiff's complaint fails to meet the heightened standard of pleading, the district court may afford the plaintiff an opportunity to replead. At 1482. However, if the plaintiff is given ample opportunity to plead his best case against a governmental official and still fails to meet the heightened pleading requirement, the district court must dismiss the complaint as it relates to defendants who assert protection of immunity. *Jacquez v. Procunier,* 801 F.2d 789 (5th Cir.1986).

The Court is of the opinion that Defendant in this case has attempted to have Plaintiffs correct the pleading deficiency in this case by propounding interrogatories designed to elicit all material facts on which Plaintiffs base their complaint. Defendant moved to compel answers to these interrogatories, and the answers ultimately submitted by Plaintiff Starks are insufficient to overcome the pleading deficiency. Nowhere in Plaintiffs' complaint or in the answers to the interrogatories do Plaintiffs attempt to identify facts which overcome Defendant's assertion of the protection of qualified immunity.

The Court further finds that at all times material to this suit the Dallas County Jail was approved and certified by the Texas Commission on Jail Standards as being in compliance with its minimum jail standards.[6] The Court is of the opinion that Plaintiffs have failed to overcome Defendant Bowles' entitlement to the protection of qualified immunity and therefore granting summary judgment for Defendant on this issue is proper.

*Claim for Injunctive Relief*

Plaintiffs seek injunctive relief in this case. Defendant asserts that Plaintiffs have failed to establish a sufficient case or controversy to support a claim for injunctive relief. For this Court to consider granting injunctive relief, Plaintiffs must show that they are in immediate danger of sustaining some direct injury as a result of the challenged conduct. The injury or threat of injury must be real and immediate, not conjectural or hypothetical. *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

The record reflects that the Plaintiffs have been released from the Dallas County Jail and are presently confined as inmates of the Texas Department of Corrections.[7] The Court concludes that since there are no specific allegations that Plaintiffs are subject to future confinement in the Dallas County Jail under overcrowded living conditions, the allegations as made are conjectural and speculative, and do not present a case or controversy in which this Court may grant injunctive relief.

It is therefore ORDERED that Defendant's Motions to Dismiss and for Summary Judgment are granted.

It is so ORDERED.

---

**6.** Affidavit of Bill Jasper, Defendant's Exhibit 1 to the Motion for Summary Judgment.

**7.** Affidavit of Bill Jasper, at 2.