[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2006
THOMAS K. KAHN
CLERK

No. 05-14515
Non-Argument Calendar

_____

D. C. Docket No. 04-03574-CV-CAM-1

ROBERT J. HEARD,

Plaintiff-Appellant,

versus

MILTON E. BUDDY NIX, JR.,
ALAN A. ADAMS,
TYRONE ALLEN,
RB,
GB, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 23, 2006)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Robert J. Heard, a pro se Georgia prisoner, appeals the district court's order dismissing his civil complaint with prejudice as a result of his non-compliance with an order to conform his complaint to the requirements of Fed.R.Civ.P. 8(a). On appeal, Heard argues, pro se, that, by dismissing his complaint, the district court retroactively enlarged the scope of its order directing him to comply with Rule 8(a), in violation of due process. He further argues that the order dismissing his complaint was not based on "a clear record of delay or wilful [sic] contempt" and that a lesser sanction would have sufficed. He argues that the district court abused its discretion because it did not examine sufficiently his claims prior to dismissing his complaint, as required by Fed.R.Civ.P. 12(b)(6). Finally, Heard recounts the factual basis for his claims, arguing that they were sufficient to survive dismissal.

We review orders dismissing complaints based on non-compliance for an abuse of discretion. Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993) (concerning dismissals under Fed.R.Civ.P. 41(b) for failure to comply with local rules). Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires that the averments of a claim "shall

2

be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and] [e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count." Fed.R.Civ.P. 10(b). Although pro se complaints must be liberally construed, Trawinski v. United Tech., 313 F.3d 1295, 1297 (11th Cir. 2002), such complaints still must comply with the procedural rules governing the proper form of pleadings, McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

We have determined that "shotgun" complaints are not sufficient pleadings, stating that:

> The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.

Strategic Income Fund v. Spear, Leeds & Kellogg, 305 F.3d 1293, 1295 & n. 9 (11th Cir. 2002). In such cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," and a party faced with such a complaint is not expected to draft a responsive pleading. Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). Therefore, it is important for a court to "narrow and define the issues from the earliest stages of the litigation." Ebrahimi v. City of Huntsville Bd. of

3

Educ., 114 F.3d 162, 165 (11th Cir. 1997).  "Absent such efforts, shotgun notice pleadings . . . would impede the orderly, efficient, and economic disposition of disputes."  Id.

Local Rule 41.3 states, "The court may, with or without notice to the parties, dismiss a civil case . . . if . . . [a] plaintiff . . . refuse[s] to obey a lawful order of the court. . . . [A] dismissal . . .operates as an adjudication upon the merits . . . unless the court specifies otherwise in its order of dismissal."  N.D. Ga. R. 41.3.  The district court may dismiss an action sua sponte under Fed.R.Civ.P. 41(b) for failure to prosecute or failure to obey a court order.  Fed.R.Civ.P. 41(b); Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980).  We have held that:

> [t]he legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.  Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances.

Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (quotations and citation omitted).  We have upheld an involuntary dismissal with prejudice under Rule 41(b) when a pro se "appellant not only exhibited a pattern of delay, but also received a warning of dismissal and refused to obey court orders to appear." Hepperle v. Johnston, 590 F.2d 609, 613 (5th Cir. 1979).  Dismissal with prejudice, however, is not proper if the plaintiff negligently failed to comply with

4

the court's order and did not act in bad faith. E.E.O.C. v. Troy State Univ., 693 F.2d 1353, 1357 (11th Cir. 1982).

Upon review of the record, and consideration of Heard's brief, we find no reversible error here. Heard originally filed a 55-page, 12-count complaint, accompanied by a 27-page affidavit, against 100 defendants. Essentially, the complaint and affidavit alleged that the defendants had conspired with each other in order to "obtain money and property through fraudulent means," to deprive the government and "inmates of their right to the fair and honest services of a state official," and to "conceal[] the conspiracy." On March 14, 2005, Heard filed a 22-page amended complaint, incorporating by reference his original complaint, adding 4 defendants, and adding 1 count and then filed a 19-page second affidavit and supplemental statement of facts.

On May 19, 2005, the district court, without addressing his motions and with "due regard to [Heard's] pro se status," ordered him to amend "his complaint to bring it into compliance with [Rule] 8(a)." Specifically, the district court ordered Heard to "submit a complaint that precisely specifie[d] in 'short and plain statements,' among other things, which rights are claimed to have been violated and how, when and by whom they were violated." The district court further ordered that Heard "name only those defendants who [were] absolutely essential to

5

his claims." (Id.). Finally, the district court specifically warned that, if Heard failed to comply with its order, his action would be dismissed pursuant to N.D. Ga. R. 41.2.

Heard then filed a 43-page second amended complaint, incorporating by reference his first complaint, first affidavit, amended complaint, and second affidavit, and naming 102 defendants, making clear that he did not even attempt to comply with the district court's order. We find no abuse of discretion.

**AFFIRMED.**