[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10480
Non-Argument Calendar

_____

D. C. Docket No. 04-00410-CV-ORL-18-KRS

KELECHI NWABEKE,

Plaintiff-Appellant,

versus

TORSO TIGER, INC., a California corporation,
BODY TRENDS HEALTH AND FITNESS, INC.,
a California corporation,

Defendants-Appellees,

DOMINIC TRADING, INC.,
a suspended California corporation,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 24, 2006)**

Before ANDERSON, BIRCH and HILL, Circuit Judges.

PER CURIAM.

The district court dismissed this case with prejudice, ordering plaintiff to bear the defendant's costs and fees, for plaintiff's failure to appear at her Rule 35 examination and for her misleading deposition testimony. Plaintiff's failure to attend the examination occurred nine days after her counsel was permitted by the court to withdraw and the court "continued" her case for sixty days to secure new counsel. Plaintiff asserts that she was advised by her counsel, prior to his withdrawal, that she need not attend the examination while her case was continued.

While we agree with the district court that dismissal is an appropriate sanction where the circumstances indicate a clear record of delay, we are concerned that such circumstances are not entirely clear in this case. The record in this case lacks any clear support for the conclusion that plaintiff's failure to attend her examination was "willful," and lends itself to the inference that misunderstanding or confusion, engendered in part by an officer of the court, may have led to her failure to attend. For such a harsh sanction as dismissal, we require that the record clearly reflect a willful pattern of delay and obstruction of the orderly progress of the case. *See EEOC v. Troy State Univ.*, 693 F.2d 1353, 1357-58 (11th Cir. 1982) (reversing dismissal under Fed. R. Civ. P. 37 because noncompliance with a discovery order stemmed from confusion and

2

misunderstanding).  Accordingly, we shall remand this case for such findings to be made.

VACATED AND REMANDED.