[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17075
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-23215-CV-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONE 32' SCORPION GO-FAST VESSEL,
Registration AS FL 8953GE and inventory,

Defendant,

ARIEL PRIETO RODRIGUEZ,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 23, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Ariel Prieto Rodriguez appeals the district court's dismissal of his claim to a 32-foot go-fast vessel. Subsequent to dismissing Rodriguez's claim, the district court ordered the vessel forfeited to the United States Government, pursuant to 8 U.S.C. § 1324(b), because twenty-two undocumented aliens were discovered onboard the vessel when it was intercepted by the United States Coast Guard.

The district court dismissed Rodriguez's claim because he failed to timely comply with a court order compelling the production of discovery. On appeal, Rodriguez argues that the district court abused its discretion in dismissing his claim because his failure to comply with the court order was the result of a misunderstanding, rather than the result of willfulness or bad faith.

We review sanctions imposed by the district court under Rule 37(b) for an abuse of discretion and to determine that the district court's factual findings are fully supported by the record. *Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1146-47 (11th Cir. 2006) (internal quotation marks and citation omitted). A district court's finding that a party's failure to comply with a discovery order was willful is reviewed for clear error. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542-43 (11th Cir. 1993).

If a party does not comply with a court order to produce discovery, a court

may issue further orders that are just, including dismissing the action. FED. R. CIV. P. 37(b)(2)(A). We have held that Rule 37(b) only permits the dismissal of an action if a party willfully or in bad faith failed to obey a discovery order. *Malautea*, 987 F.2d at 1542 (citation omitted). A dismissal is not justified under Rule 37(b) if a party's failure to comply with a discovery order was caused by simple negligence or a misunderstanding of the court order. *See EEOC v. Troy State Univ.,* 693 F.2d 1353, 1357 (11th Cir. 1982) (citation omitted). If the party does not provide a credible explanation of how he interpreted an order compelling discovery in a way that excluded certain documents from the scope of the order, the party's unsupported assertion that it misunderstood the order is insufficient, and it is not clear error for the district court to find that the party's failure to comply with the discovery order was willful and in bad faith. *Malautea*, 987 F.2d at 1543. Further, when a party claims that he was unable to produce documents in the time allowed by the court, but he does not produce any evidence to support the argument, a district court's finding of willfulness is not clearly erroneous. *Id.*

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam). "[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic

sanctions would not ensure compliance with the court's orders." *Malautea*, 987 F.2d at 1542. A district court is not required to first impose lesser sanctions if the lesser sanction would be ineffective. *Id.* at 1544. A district court does not abuse its discretion in dismissing a claim under Rule 37(b) if it finds that a party willfully failed to comply with the opposing party's discovery request, even if we would have imposed a lesser sanction. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1367 (11th Cir. 2008).

Here, Rodriguez has neither alleged nor provided a credible explanation as to how he interpreted the district court's discovery order in a manner that would have permitted him to provide discovery after September 17th. Additionally, although Rodriguez asserts that he was unable to timely produce the documents, due to the quantity of documents requested, he did not produce any evidence to support his argument. Therefore, because Rodriguez has neither provided a credible explanation of his alleged misunderstanding of the court's order nor produced evidence demonstrating that he could not have timely produced the documents, the district court did not clearly err by finding that Rodriguez's failure to provide all of the requested documents by September 17th was willful and in bad faith. *Malautea*, 987 F.2d at 1542-43. Furthermore, the district court did not abuse its discretion by dismissing Rodriguez's claim, as the district court (1)

entered an order compelling Rodriguez to produce all discovery by September 17th; (2) found that Rodriguez willfully failed to comply with the order; (3) found that the government was prejudiced by Rodriguez's willful failure to comply; and, (4) was not required to first apply lesser sanctions.

Upon review of the record and the parties' briefs, we discern no error. The district court did not abuse its discretion in dismissing Rodriguez's claim to the vessel. Accordingly, we affirm.

**AFFIRMED.**