**Franklin W. DURGIN, Catherine Durgin, and Orpha Durgin, Appellants,**

v.

**John T. GRAHAM, M. Smith Burns, B. Clarke Nichols, and Lindsay Newspapers, Inc., Appellees.**

No. 23070.

United States Court of Appeals
Fifth Circuit.

Jan. 27, 1967.

---

* Walker v. State of North Carolina, W.D.N.C., 262 F.Supp. 102.

appellants have declined to appear either personally or through counsel at any of the many proceedings below.

On October 23, 1963, the District Court entered an order of dismissal as to Lindsay Newspapers, Inc., having specifically found that appellants had willfully failed and refused to appear for the taking of their depositions. On June 28, 1965, an order of dismissal was entered as to the remaining defendants when appellants failed to appear or offer evidence on the scheduled trial date. This appeal followed. The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion. However, where as here, appellants have not once appeared and have given no indication that they intend to do so in the future, we think it clear beyond any question that the district court was eminently correct in entering its orders of dismissal.

Affirmed.

Franklin W. Durgin and Catherine Durgin, pro se.

B. Clarke Nichols, Naples, Fla., Tom Fairfield Brown, Tampa, Fla., for appellees.

Before GEWIN and AINSWORTH, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

This suit for libel was instituted in the Federal District Court against the individual defendants, appellees here. Jurisdiction is pegged on diversity and the cause of action arises from a series of incidents involving the Sarasota Juvenile Court (appellees John T. Graham and M. Smith Burns, judge and chief counselor, respectively), the Assistant State Attorney (appellee B. Clarke Nichols), and the Publisher of the Sarasota Herald Tribune (appellee Lindsa · Newspapers, Inc.). The record reveals that despite the patience of several district court judges,