**BON AIR HOTEL, INC., Appellant,**

v.

**TIME, INC., and Dan Jenkins, Appellees.**

No. 23371.

United States Court of Appeals
Fifth Circuit.
April 5, 1967.

Joseph B. Cumming, Augusta, Ga., Bennett B. Patterson, Houston, Tex., Cumming, Nixon, Eve, Waller & Capers, Augusta, Ga., Patterson, McDaniel, Moore & Browder, Houston, Tex., for appellant.

E. D. Fulcher, Augusta, Ga., Harold R. Medina, Jr., New York City, Fulcher, Fulcher, Hagler, Harper & Reed, Augusta, Ga., Cravath, Swaine & Moore, New York City, for appellees.

Before GEWIN and AINSWORTH, Circuit Judges, and HUNTER, District Judge.

HUNTER, District Judge:

The action is one for libel based on an article published by Time, Inc., and written by Dan Jenkins, which appeared in the April 6, 1964 issue of Sports Illustrated. The vital question on this appeal is whether the District Judge properly exercised his powers under Rule 37(d) by dismissing the complaint because of the failure of the plaintiff to comply with an order of that Court to produce a certain party as a witness for the purpose of giving his deposition as an officer of the plaintiff (a bankrupt) corporation.[1] We decide only that on this record dismissal of the complaint was not justified.

The sequence of events below is as follows:

| | |
|---|---|
| April 10, 1964 | The action was commenced in the Superior Court of Richmond County, Georgia. |
| April 29, 1964 | The case was removed to the United States District Court for the Southern District of Georgia by defendant on the basis of diversity. |
| May 21, 1964 | Defendant served interrogatories which, among other things, sought identification of the office held by Saul Coven in Bon Air Hotel, Inc. Plaintiff answered, saying that Coven was Vice-President of Bon Air Hotel, Inc. |
| August 28, 1964 | Plaintiff was adjudicated a bankrupt and a trustee was appointed on September 21, 1964. Upon plaintiff's adjudication in bankruptcy and the appointment of a trustee, the title to the cause of action passed to the trustee. |
| March 19, 1965 | Defendants noticed the deposition of Coven to be taken on April 29, 1965 in Augusta, Georgia. |

---

1. Rule 37(d): "Failure of Party to Attend or Serve Answers. If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his disposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party.

| | |
|---|---|
| April 7, 1965 | Plaintiff moved to vacate the notice because Coven could not be located and because he had severed all connections with plaintiff after its adjudication of bankruptcy. |
| April 15, 1965 | The Court directed plaintiff to produce Coven for deposition in Miami, Florida on a date to be arranged by agreement. |
| June 21, 1965 | Coven notified all parties that he would not appear on June 22, 1965, the date that had been set by agreement for his deposition. |
| July 16, 1965 | Defendants moved to dismiss, pursuant to Rule 37(d). |
| September 2, 1965 | The former president of the plaintiff corporation, Mr. Olivere, filed a sworn statement asserting that Mr. Coven had never actually been elected vice-president, and therefore technically had never been an officer of the corporation. |
| September 8, 1965 | Defendant's motion to dismiss was heard and on the next day (September 9, 1965) the Court ordered plaintiff to produce Coven in Augusta, Georgia by October 8, 1965. It was further ordered that if plaintiff failed to produce Coven, the complaint would stand dismissed. |
| September 30, 1965 | Plaintiff moved to amend the order of September 9, 1965 for the reason that despite due diligence, Mr. Coven could not be located. Plaintiff alleged that a nationally known agency recognized for its proficiency in locating missing persons had been unable to find Coven as of that date. |
| October 14, 1965 | A second motion was filed by plaintiff, requesting a re-hearing of defendant's motion to dismiss, alleging that Coven had now been located and plaintiff was ready to produce him to give his deposition. Attached to the motion was a certified copy of an order of the Referee in Bankruptcy authorizing counsel to proceed to prosecute the case for the Trustee in Bankruptcy. |
| December 3, 1965 | The Court denied plaintiff's motion for a re-hearing and dismissed plaintiff's complaint for its failure to have produced Coven by October 8, 1965. |

———◆———

Appellant insists that the court below exceeded its discretion because (1) there was no bad faith, wilful disobedience, or intended negligence in failing to produce the witness, and (2) the appellant was in bankruptcy and the real party at interest, the trustee, had no control over Coven and knew nothing about the whereabouts of Coven, despite diligent and expensive efforts to locate him. We need not ar-

ticulate our consideration of these arguments, but we find them convincing.

■ Rule 37 describes the possible consequences of a failure to appear for the taking of a deposition. It provides in pertinent part:

> "If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, * * * the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

The dismissal was predicated on the legal assumption that Coven was an officer of the corporation within the meaning of Rule 37(d). The facts and the law cast strong doubts on the correctness of that premise. The test is not what a person has been in relation to a corporation but what he was "at the time of the taking of the deposition."[2] It could certainly be argued that Coven, whether or not he had ever been technically a vice-president, was not such an alter ego of the corporation as the law requires a party to produce as a deponent.[3] Then, too, the provisions of Rule 37 must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law, and more particularly against the opinions of the Supreme Court in Hovey v. Elliot, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215, and Hammond Packing Company v. State of Arkansas, 212 U.S. 322, 29 S.Ct. 270, 53 L.Ed. 530. These two decisions left open the question of whether Fifth Amendment due process is violated by the striking of a complaint because of plaintiff's inability, despite good faith efforts to comply with a pretrial production order.[4]

We prefer, however, to avoid the uncertain footing of a specific legal ruling on that proposition. We place our decision on the broader, firmer ground that in the factual context here present, it was an error of judicial discretion for the trial court to dismiss the complaint.

■ The dismissal of an action with prejudice is a drastic remedy and should be applied only in extreme circumstances. This record compels the conclusion that petitioner's failure to comply was due to inability brought about neither by its own conduct nor by circumstances within its control. The plaintiff was in bankruptcy and the real party at interest, the trustee, did not control Coven. Counsel for plaintiff even hired a nationally known service which specialized in locating missing persons in an endeavor to locate Coven. One might wonder what more could be done. What was said by this court in Goodrich[5] is equally applicable here:

> "We read Rule 37 as establishing a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and penalties. See Rosenberg, Sanctions to Effectuate, Pre-trial Discovery, 58 Col.L.Rev. 480 (1958); Developments in the Law—Discovery, 74 Har.L.Rev. 940, 991 (1961). Although a trial judge's latitude in framing orders and in

---

2. Rule 26(d) (2), Federal Rules of Civil Procedure: "The deposition of a party or of any one who at the time of taking the deposition was an officer, director or managing agent of a public or private corporation, partnership, or association which is a party may be used by an adverse party for any purpose.

3. Societe Internationale, etc. v. Rogers, 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255, 1265; Park & Tilford Distilleries Corp. v. Distillers Company,

D.C., 19 F.R.D. 169, 172; The Colonial Capital Company v. General Motors Corp., 29 F.R.D. 514 (Dist.Conn.1961); General Houses, Inc. v. Marloch Mfg. Co., 2 Cir., 239 F.2d 510; Mitchell v. American Tobacco Co., D.C., 33 F.R.D. 262.

4. Societe Internationale, etc. v. Rogers, 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255, 1265.

5. Goodrich Tire Company v. Lyster, 328 F.2d 411 (5th Cir., 1964).

penalizing failures to comply is broad, his discretion is not limitless. Mitchell v. Johnson, 5 Cir., 1960, 274 F. 2d 394; O'Toole v. William J. Meyer Co., 5 Cir., 1957, 243 F.2d 765; Independent Productions Corp. v. Loew's, Inc., 2 Cir. 1960, 283 F.2d 730. And although Rule 37(b) applies to all failures to comply, whether wilful or not, the presence or lack of good faith in the parties is relevant to the orders which should be given the severity of the sanctions. Societe Internationale Pour Participations Industrielles, etc. v. Rogers, 1958, 357 U.S. 197, 207, 78 S.Ct. 1087, 2 L.Ed.2d 1255.

\* \* \* \* \* \*

"The Rules are a means—not an end of Justice. 'In final analysis, a court has a responsibility to do justice between man and man; and general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default.' Gill v. Stolow, 2 Cir., 1957, 240 F.2d 669."

The order of dismissal is vacated and the case remanded for further proceedings not inconsistent herewith.