Frederick GRIFFIN, Plaintiff-Appellant,

v.

ALUMINUM COMPANY OF AMERICA,
et al., Defendants-Appellees.

No. 77–2122
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 21, 1977.

Frederick Griffin, pro se.

J. M. Hopper, W. Carl Jordan, Houston, Tex., for defendants-appellees.

* Rule 18, 5th Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y.*, 431 F.2d 409, Part I (5th Cir. 1970).

Before GOLDBERG, CLARK, and FAY, Circuit Judges.

### PER CURIAM:

Plaintiff, Frederick Griffin, appeals a district court order dismissing his complaint under Rule 37(d) of the Federal Rules of Civil Procedure upon his failure to appear and submit to deposition. This case presents the question whether the district court exceeded its discretion in dismissing a plaintiff's pro se complaint after a single, unexcused failure to appear. We reverse and remand.

Griffin's Title VII[1] complaint, filed *in forma pauperis*, alleges that the defendant, Aluminum Corporation of America [Alcoa], and one of its officials, Fred Bergeron, discriminated against him because of his race by replacing him with a non-black in a part-time position at Alcoa's Palestine, Texas, plant and discriminated against blacks as a class by refusing to hire any black applicant for personnel or supervisor positions. After the district court's preliminary order setting time for discovery, Alcoa filed notice to take Griffin's deposition and notice for the production of documents. Griffin did not appear as directed. Attorneys for Alcoa sent Griffin a letter requesting an explanation and warning of the consequences of refusal. Griffin did not answer. Alcoa moved for an order compelling discovery and for attorneys' fees as a sanction for Griffin's failure to appear. Griffin's response in opposition stated grounds for refusal totally lacking in merit and deriving apparently from a gross misconception of discovery procedure under the Federal Rules of Civil Procedure. The district court, finding lesser sanctions ineffective, ordered the case dismissed pursuant to Rule 37(d).

■ Rule 37 empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties, including dismissal with prejudice. Griffin's unexcused failure to appear for deposition rendered him liable for a sanction. Although the district court has wide latitude in framing orders and in penalizing failure to comply, that discretion has limits. *B. F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir. 1964). Dismissal of a complaint with prejudice is such a drastic remedy that a district court should apply it only in extreme circumstances. *Bon Air Hotel, Inc. v. Time, Inc.*, 376 F.2d 118, 121 (5th Cir. 1967). *See also Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976).

■ Our function as an appellate court is not to determine whether this court would have dismissed the complaint as an original matter, but whether the district court abused its discretion in doing so. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 641, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747, 750 (1976). Central to this review of discretion is whether the district court could have fashioned an equally effective but less drastic remedy. *Diaz v. Southern Drilling Co.*, 427 F.2d 1118, 1126–27 (5th Cir. 1970).

■ Where this circuit has approved dismissal as a sanction imposed under Rule 37(d), plaintiff's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply. *Durgin v. Graham*, 372 F.2d 130 (5th Cir. 1967), cited by the district court, involved repeated defaults. In *Diaz*, the plaintiff engaged in gamesmanship to evade discovery repeatedly. Although Griffin's failure in the case at bar either to appear for his deposition or to apply for a protective order clearly places him in default under Rule 37(d), his conduct is not so egregious as that of the plaintiffs in *Diaz* and *Durgin*. His response in opposition to Alcoa's motion for sanctions indicates that Griffin misunderstood the import

1. 42 U.S.C.A. § 2000e *et seq.*

of Alcoa's efforts to depose him. Ignorance of his obligations under the Federal Rules does not excuse his default, but the district court should have considered Griffin's ineptitude in determining whether a sanction less than dismissal effectively could protect Alcoa's right to discovery.[2]

The court might have invoked the sanction of staying further proceedings pending compliance or ordering that the deposition be given at a fixed future time, or a combination of both. Certainly the court was correct in refusing to consider economic sanctions against a pauper plaintiff. Griffin's single default did not arise from flagrant bad faith or callous disregard of obligations fully understood. No court order or directive was breached. In those circumstances, the district court abused its discretion in imposing the most drastic sanction possible for his mistake. The type of orders which should be entered on remand are for the district court's discretion in light of circumstances which may develop. We speak only to the past action in saying it was too drastic to be discreet.[3]

REVERSED and REMANDED.

**2.** Griffin apparently mistrusted his opponent's statements of his obligations to them. Although no court order is required before a district court orders sanctions under Rule 37(d), in both *Diaz* and *Durgin*, where we approved dismissal for failure to comply, plaintiffs had openly disregarded admonitions of the court or had failed to appear at proceedings whose dates were set by the court.

**3.** In *National Hockey League*, the Supreme Court stressed that the ultimate sanctions of Rule 37 must be available to the district court

in appropriate cases both to penalize those in default and to deter any who might be tempted to follow their example. 427 U.S. at 641–642, 96 S.Ct. at 2780–81, 49 L.Ed.2d at 750–751. We note that the aim of deterrence would be little served by imposing the sanction of last resort on this unassisted layman.