**Thomas G. DEAN a/k/a Thomas G. Lewis, Plaintiff,**

v.

**Horace ELLINGTON, K–Mart Department Stores, Defendants.**

**Civ. A. No. C86–2511A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 1, 1987.

Thomas G. Dean, pro se.

James W. Friedewald, Edwards, Friedewald & Grayson, Marietta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This is a § 1983 action brought by a *pro se* plaintiff against defendants who allegedly hired him to perform floor maintenance at Atlanta area K–Mart Stores. As nearly as the court can discern, plaintiff attempts to state a cause of action for the deprivation of plaintiff's alleged property right in his employment. The action is currently before this court on Defendants' Motion to Strike the Complaint and Dismiss the Action for Failure of Party to Attend his Deposition.

### FACTS

On December 9, 1986, defendants noticed plaintiff's deposition to be taken December 30, 1986 at 272 Washington Avenue, Marietta, Georgia. Defendants filed a certificate of service stating that plaintiff was served by mail. Plaintiff failed to attend. Plaintiff failed to contact the office of defendants' counsel prior to the deposition, but subsequently did provide written notice as to the reasons he could not attend. In defendants' brief, defendant reports that plaintiff stated that he had no means of transportation to attend the first scheduled deposition, and requested that the deposition be held in close proximity to the subway line so as to be convenient for him.

Counsel for defendant then rescheduled plaintiff's deposition on February 27, 1987, at 2500 The Equitable Building, 100 Peachtree Street, Atlanta, Georgia. Defendants noticed the rescheduled deposition on February 18, 1987 and counsel certified that he mailed notice to plaintiff. Plaintiff again failed to appear. Plaintiff, in his brief in opposition to defendants' motion, states that "plaintiff did not receive [sic] the deposition notice until a day after it was schedule [sic] to be taken." Plaintiff further contends that he never received notice by mail, but rather observed the deposition notice while reviewing the docket file in the Clerk's office for the United States District Court for the Northern District of Georgia, Civil Section the day after the deposition was scheduled to be taken. The court notes that the Clerk's office has records confirming that plaintiff reviewed the file of this case on February 28, 1987.

### DISCUSSION

Defendant cursorily moves this court to strike out the complaint and dismiss the action because of plaintiff's failure to attend the above-mentioned depositions. In support, defendant cites the court to Fed.R. Civ.P. 37(d) which provides that: "If a party ... fails (1) to appear before the officer who is to take his deposition, after being served with the proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule." Fed.R.Civ.P. 37(d). Defendants point to Rule 37(b)(2)(C) which provides for "an order ... dismissing the action ..." as authority for their motion to dismiss. Fed.R.Civ.P. 37(b)(2)(C). *Pro se* plaintiff in its opposition brief argues that striking the complaint and dismissing the action would "violate due process." Plain-

tiff's Opposition at 2. Plaintiff is absolutely correct.

■ Rule 37 empowers this court to compel compliance with federal discovery procedures through a broad choice of remedies and penalties, not the least of which is dismissal with prejudice. Although the district court has wide latitude in framing orders and in penalizing failure to comply, that discretion has constitutional limits. *Griffin v. Aluminum Co. of America*, 564 F.2d 1171 (5th Cir.1977). Dismissal of a complaint with prejudice is such a drastic remedy that a court should apply it only in extreme circumstances. *Bon Air Hotel, Inc. v. Time, Inc.*, 376 F.2d 118, 121 (5th Cir.1967). Indeed, dismissal as a sanction should not be imposed if lesser sanctions will do. *Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538 (11th Cir.1984).

■ The Supreme Court treated this subject extensively in *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). In that case, the court in a *per curiam* opinion identified several factors for consideration in such matters that may sensibly be distilled into a general test. The factors to consider in determining if dismissal is proper or whether the noncomplying party has (1) acted with flagrant bad faith, (2) to the detriment of the other party, (3) through the fault of the noncomplying party, (4) where less drastic alternatives have already been tried. *National Hockey League supra.*

Central to the court's exercise of discretion in this case is whether a less drastic remedy can successfully be tried. *Diaz v. Southern Drilling Co.*, 427 F.2d 1118, 1126–27 (5th Cir.1970) *cited in Griffin supra*. Here, defendants have not preceded their dismissal motion with a motion to compel. Plaintiff is in contempt of no specific court order. Less drastic alternatives have not been sought, much less tried.

■ Moreover, plaintiff states in his opposition that "if this court believes that the giving of a deposition will materially benefit this case, then plaintiff will enjoy the giving of a deposition by him to the defendant." This response indicates that plaintiff does not understand the import of defendants' efforts to depose him. Ignorance of his obligations under the Federal Rules does not excuse plaintiff's default, but does weigh into whether a lesser sanction could protect defendants' discovery rights. *Griffin supra* at 1173.

■ Furthermore, there is no evidence of flagrant bad faith or a pattern of repeated refusals to attend depositions as defendants obviously understood and accepted plaintiff's reasons for failing to attend the first scheduled deposition. *Durgin v. Graham*, 372 F.2d 130 (5th Cir.1967). Defendants have not been harmed beyond the cost and inconvenience of having to appear at the scheduled appointments. Defendants did not move for economic sanctions to reimburse these costs, but the court notes that such would be inappropriate against a pauper plaintiff. *Griffin supra* at 1173. Finally, the court notes plaintiff's explanations for his default while not compelling do tend to create ambiguity as to plaintiff's fault.

Absent a motion to dismiss for failure to state a claim, defendants' correct action in this instance would have been to move to compel discovery. The violation of a subsequent order compelling plaintiff's appearance without adequate excuse might well constitute the, "flagrant disregard and willful disobedience" of a court's discovery orders required to sustain dismissal as a remedy. *Phillips v. Insurance Company of North America*, 633 F.2d 1165, 1167 (5th Cir.1981). Plaintiff may now consider himself warned that any future obstruction of the discovery process evidencing the *National Hockey League* factors will lead to swift sanction including dismissal.

## CONCLUSION

In sum, the court DENIES defendants' Motion to Strike out Plaintiff's Complaint and Dismiss Action for Failure of Party to Attend Deposition.