J.C. MEADE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meade v. Commissioner
Docket No. 8367-87.
United States Tax Court
T.C. Memo 1988-473; 1988 Tax Ct. Memo LEXIS 489; 56 T.C.M. (CCH) 374; T.C.M. (RIA) 88473; September 28, 1988. Monica J. Miller, for the respondent. GALLOWAY
MEMORANDUM OPINION GALLOWAY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986, and Rule 180 et seq. [1]
Respondent determined deficiencies in, and additions to, petitioner's Federal income taxes as follows: Additions To Tax Secs.
Year
Deficiency
6653(a)(1)
6653(a)(2)
1983
$  1,928.22
$  96.41
* 1984
1,475.00
73.75 **
*490 The principal adjustment determined by respondent was his disallowance of deductions claimed by petitioner for contributions to the Universal Life Church of Modesto, California (ULC Modesto). Petitioner was a resident of Goldenrod, Florida, when his petition was filed on April 1, 1987, together with a request that the trial of this case by held at Jacksonville, Florida. The clerk of the Court informed petitioner on July 21, 1987, that trial of this case would be held at the Court's trial session commencing October 5, 1987, in Jacksonville, Florida. This notice included the following paragraphs: The calendar for that Session will be called at 9:30 A.M. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, must agree in writing to all facts and all documents about which there should be no *491 disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. On October 5, 1987, this case was called for trial and petitioner did not appear. Respondent's attorney informed the Court that shortly before this case was called for trial, she was called by petitioner who claimed that his mother had died over the weekend. No other information was given to respondent's attorney except a telephone number to verify petitioner's allegations. An unidentified person at the telephone number verbally verified the information relating to petitioner's mother. Respondent's attorney then filed a written motion to dismiss pursuant to Rule 123 and for damages pursuant to section 6673. Respondent's motion was taken under advisement. With respect to respondent's motion to dismiss, Rules 123(b) and 149(a) provide as follows: Rule 123(b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the court or for other cause which the Court *492 deems sufficient, the court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this rule. * * * Rule 149(a) Attendance at Trials: The unexcused absence of a party or his counsel when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties. The record in this case discloses that, in addition to failing to appear when the case was called for trial, [2] petitioner has disregarded the Court's notice of July 21, 1987, by his completely failing to cooperate with respondent in preparing the case for trial or otherwise attempting to settle the case on a mutually satisfactory basis. Dismissal of a case is a sanction resting in the discretion of the trial court. *493 Durgin v. Graham,372 F.2d 130, 131 (5th Cir. 1967); [3]Levy v. Commissioner,87 T.C. 749, 803 (1986). We grant respondent's motion to dismiss as to both the deficiencies and additions to tax determined under sections 6653(a)(1) and (a)(2). We now consider respondent's motion for damages under section 6673. This section provides for an award of damages to the United States in an amount not in excess of $ 5,000 with respect to all actions commenced after December 31, 1982, when it appears to us that the proceedings have been instituted or maintained by the taxpayer before this Court primarily for delay or that the taxpayer's position in these proceedings is frivolous or groundless. We have repeatedly awarded damages under section 6673 in cases which have been dismissed under Rule 123(b) due to a taxpayer's failure to properly prosecute his case. See Masters v. Commissioner,T.C. Memo. 1985-116, *494 affd. by unpublished opinion (9th Cir., May 27, 1986). See also Klein v. Commissioner,T.C. Memo. 1985-550; Keys v. Commissioner,T.C. Memo. 1985-507. Petitioner is no stranger before this Court. On February 24, 1987, he appeared before this Court in Jacksonville to try his case for the year 1982. At that time, petitioner was represented by an attorney. The principal issue, as in this case, involved the deductibility of petitioner's claimed deductions to ULC Modesto. The opinion of the Court in this case was filed on March 10, 1988, in Meade v. Commissioner,T.C. Memo. 1988-108. This Court held that petitioner had failed to meet his burden of showing that he made any contributions to ULC Modesto. In Meade v. Commissioner, supra, we noted that petitioner had been informed by respondent of the provisions of section 6673 and that this Court had repeatedly found actions based on ULC Modesto contributions to be without merit. We ruled that the United States was entitled to damages from petitioner in Meade v. Commissioner, supra, in the amount of $ 2,300. In this case, after the issuance of *495 the opinion in the case tried in February 1987, respondent filed on March 30, 1988, a Motion For Order Compelling Petitioner To Comply With discovery Or To Impose Sanctions Under Rule 104. Petitioner filed no reply to respondent's motion. In respondent's motion, he alleges, with supporting documents, numerous unsuccessful attempts to contact petitioner prior to September 28, 1987, with respect to preparation of this case for trial. On September 28, 1987, respondent mailed to petitioner a copy of our case in Burwell v. Commissioner,89 T.C. 580 (1987). In Burwell, we noted that 130 cases since 1980 had been decided adversely to taxpayers with respect to nondeductibility of claimed charitable contributions to ULC Modesto. We have previously awarded damages to the United States in other cases where a taxpayer had been advised of and knew that this court had rejected the contention that purported contributions to ULC Modesto were deductible. See Keys v. Commissioner,T.C. Memo. 1985-507, n. 4. We are convinced that petitioner knew his position to be groundless, but continued to delay these proceedings by refusing to cooperate with respondent *496 until he failed to appear at the schedules trial date. Damages will be awarded to the United States in the amount of $ 2,000. An appropriate order and decision will be entered.
[4]
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided. ↩
*. 50 percent of the interest due on $ 1,590 ** 50 percent of the interest due on $ 1,475 ↩
2. The Court has received no communication from petitioner explaining his failure to appear when the case was called for trial. ↩
3. The Court of Appeals for the 11th Circuit has announced that it will follow the precedent of the Court of Appeals for the 5th Circuit as it existed on Sept. 30, 1981. Bonner v. City of Prichard, Alabama,661 F.2d 1206↩ (11th Cir. 1981). 4. In view of our decision in this case, respondent's motion filed March 30, 1988 is moot. ↩