PAGE FAMILY PRESERVATION TRUST B, TRANSFEREE, GLENDA PAGE, TRUSTEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Page Family Preservation Trust B v. Commissioner
Docket No. 29362-88
United States Tax Court
T.C. Memo 1991-223; 1991 Tax Ct. Memo LEXIS 245; 61 T.C.M. (CCH) 2651; T.C.M. (RIA) 91223; May 22, 1991, Filed *245 An appropriate order and decision will be entered.
Shirley M. Francis, for the respondent. GALLOWAY, Special Trial Judge. GALLOWAY
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443(A)(b) of the Internal Revenue Code of 1954, as amended, and Rules 180, 181, and 182. [1]
In a notice of transferee liability dated August 16, 1988, and addressed to Page Family Preservation Trust B, Transferee, 10787 S. Township Road, Canby, Oregon 97013, respondent determined that "the income tax liability of Alan D. Page, 10787 S. Township Road, Canby, Oregon 97013, for tax year ended December 31, 1980, discloses a deficiency in the amount of $ 6,956.52 and Delinquency, Addition to tax penalty of $ 1,739.13, Negligence, Addition to tax penalty of $ 575.32 and Failure to Make Estimated *246 Tax Payments, Addition to tax penalty of $ 370.74. The amount of the deficiency and penalties, plus interest as provided by law, constitutes your liability as transferee of the assets of Alan D. Page, and will be assessed against you." (Reproduced literally). Respondent further alleged that "the records of this office show that during 1981 Alan D. Page (transferred) property to you for little or no consideration." The issues for decision are: (1) Whether petitioner Page Family Preservation Trust B, Transferee, Glenda Page, Trustee, is liable for the above amounts as a transferee under section 6901; (2) whether this action is barred by the statute of limitations; (3) whether we should grant respondent's motion to dismiss, pursuant to Rule 123(b), for failure properly to prosecute; and (4) whether damages (penalty) should be awarded to the United States pursuant to section 6673. BACKGROUND The petition was timely filed by Page Family Preservation Trust B, Glenda Page, Trustee. At the time the petition was filed, Glenda Page resided with her husband, Allan Page, at 10787 South Township Road, Canby, Oregon (hereinafter referred to as the property or Canby property). The property *247 was purchased by Glenda and Allan Page in 1972 and consists of a house located on approximately 1.9 acres of land. Allan Page was employed as a steamfitter and worked out of a union local in Portland, Oregon. On June 15, 1981, Glenda Page conveyed her interest in the property by quitclaim deed to Allan Page for $ 10. On the same day, Allan Page created the Page Family Preservation Trust B naming Glenda Page as trustee. Mr. Page conveyed the property to the Page Family Trust by warranty deed for $ 10. The property had a taxable value in 1981 of $ 77,700 with a mortgage of approximately $ 18,000. The declaration of trust and deeds were recorded on June 16, 1981. Glenda and Allan Page have continued to reside on the property. In July 1981, petitioner applied for and received a taxpayer identification number. Petitioner has never filed any Federal income tax returns. Allan Page failed to file a Federal income tax return for taxable year 1980 (1979 was the last year Mr. Page voluntarily filed a Federal income tax return). Respondent prepared a substitute income tax return for that year. Respondent then determined the deficiency in income tax and additions to the tax and sent *248 Allan Page a notice of deficiency. Allan Page failed to answer the notice of deficiency and respondent assessed the tax deficiency for 1980. Respondent began its collection efforts and, after requests for payment had not been complied with, attempted to levy on Allan Page's wages at his employment at J. H. Kelly in Longview, Washington. This proved unsuccessful as Allan Page had submitted to J. H. Kelly a signed W-4 Employee's Withholding Allowance Certificate with an inactive social security number. Respondent continued his collection efforts by checking local land records and other sources of assets. These efforts revealed no assets in Allan Page's name. Respondent located the Canby property, listed under the Page Family Trust, and filed a lien in the name of the Page Family Trust as the nominee of Allan Page. Respondent also sent Allan Page a letter informing him about the lien and requesting evidence showing that the conveyance was supported by adequate consideration. Neither Glenda or Allan Page responded. After failing to collect the amounts due from Allan Page, respondent sent the Page Family Trust the deficiency notice above mentioned dated August 16, 1988. In the *249 5-page protester-type petition, petitioner made various protester-type allegations concerning Due Process rights and denied that the trust is the transferee of Allan Page. Petitioner claimed that no valid assessment was made against Allan Page, that no determination was made that Allan Page was insolvent, and that respondent has not exhausted his available statutory remedies against Allan Page. Further, petitioner asserted that the statute of limitations has expired as against Allan Page, thus barring this action. In his answer filed January 6, 1989, respondent denied petitioner's allegations and alleged that Allan Page has an income tax liability for the taxable year 1980 as determined in the statutory notice of deficiency. He also alleged that petitioner became a transferee of the assets of Allan Page within the meaning of section 6901. Finally, respondent alleged that since Allan Page had not filed an income tax return for taxable year 1980, the statute of limitations does not bar the assessment and collection of petitioner's transferee liability. On January 26, 1989, petitioner filed a motion for default judgment on the ground that respondent's answer was untimely filed. *250 We denied this motion on January 30, 1989, since respondent's answer was timely under the rules of this Court. On February 9, 1989, petitioner moved for an extension to file a reply to respondent's answer. We granted the motion on February 16, 1989. Petitioner filed a reply on April 6, 1989, containing nine pages of similar repetitious protester-type arguments contained in the petition. On July 20, 1989, the Clerk of the Court mailed the parties a Notice Setting Case For Trial, in which petitioner and respondent were advised that the case was calendared for trial on October 3, 1989, at Portland, Oregon. The parties were advised in the Clerk's notice that they should meet and cooperate in preparing the case for trial and that the failure of a party to cooperate could result in a dismissal of the case and entry of an adverse decision. On August 11, 1989, the Court received a document captioned Motion for Acceptance of Change of Caption, in which petitioner moved that this Court "accept substitution of trustee and order a caption change from Glenda Page to Jerry Page." No reason was given for this motion nor was Jerry Page identified. This document was filed as petitioner's motion *251 to substitute party and change caption. Respondent objected to the motion, claiming that petitioner's position in this case was groundless, that petitioner had refused to discuss the case and that granting of the motion would further impede efforts to prepare this case for trial. Petitioner's motion to substitute party and change caption was denied. On August 24, 1989, respondent submitted a request for admissions. On September 12, 1989, petitioner filed a motion to compel production of documents and submitted a request for admissions. We ordered the parties to file their responses to the motions for admissions and production of documents by September 25, 1989. This case was called from the trial calendar on October 3, 1989. The parties appeared. Glenda Page, Trustee, orally moved for Judgment Without Trial for petitioner. We denied the motion. Respondent filed his trial memorandum. Respondent's counsel advised us that Glenda Page had refused to cooperate in preparing petitioner's case for trial and had refused to execute a stipulation of facts. Mrs. Page claimed that she had an attorney whom respondent's counsel refused to talk to. Respondent's counsel denied the allegation. *252 No attorney has entered an appearance for petitioner. The case was set for trial by the Court on October 4, 1989 at 1:00 p.m. Mrs. Page stated "It's obvious that I need a lawyer." We advised Mrs. Page that this case would be tried as scheduled and would not be continued on the ground that petitioner desired a lawyer at this late date. The case was called for trial at 1:15 p.m. on October 4, 1989. Glenda Page failed to appear at trial. Respondent's counsel appeared and stated that she had contacted Mrs. Page several times without success concerning preparing and executing a stipulation of facts for submission at trial pursuant to Court rules. Respondent's counsel stated that Mrs. Page was evasive as to whether or not she intended to appear at trial to represent petitioner. Prior to trial, on October 4, 1989, a process server served various documents on respondent at petitioner's direction. The process server also attempted to serve the same documents on the Court. Although service was refused, the process server insisted on leaving the documents with the Court. As trial commenced, the documents left by the process server were reviewed by the Court. Petitioner's motion for *253 judgment without trial and petitioner's Motion for Continuance were ordered filed by the Court on October 4, 1989, and then denied. Petitioner's Trial Memorandum and Notice of Objection, which contained a total of 13 pages of protester-type allegations and arguments were ordered filed as petitioner's supplemental trial memorandum with exhibits. Trial commenced and the Court received evidence consisting of oral testimony and exhibits on the issue of transferee liability, as to which respondent bears the burden of proof. After presenting her case, respondent's counsel orally moved, pursuant to Rule 123(b), to dismiss for failure properly to prosecute, with respect to issues upon which petitioner bears the burden of proof. We took respondent's motion under advisement. The Court ordered that respondent file a brief in support of his position, which brief was filed on December 11, 1989. On December 27, 1989, petitioner filed a Motion for Leave to File Answering Brief "to correct, for the record, inaccuracies, omissions and errors in the respondent's Brief and to ensure that justice is achieved." On July 24, 1990, we allowed petitioner the opportunity to file a brief in reply to respondent's *254 brief no later than August 31, 1990. Petitioner's 10-page answering brief was filed on August 30, 1990. It contained only protester arguments and unsupported allegations of fraudulent conduct by respondent's attorneys. The deficiency in tax, and additions to tax, assessed against Allan Page have never been paid or collected and remain outstanding. 1. Transferee Liability
Section 6901 provides a procedure through which respondent may collect from a transferee of assets unpaid taxes owed by the transferor of the assets if a basis exists under State law or equity for holding the transferee liable. Commissioner v. Stern, 357 U.S. 39, 42-47, 2 L. Ed. 2d 1126, 78 S. Ct. 1047 (1958). The applicable State law is that of Oregon. Respondent has the burden of proving all the elements necessary to establish transferee liability except that the transferor was liable for the tax. Section 6902(a); Rule 142(d). The elements that must be established by respondent are the following: (1) That the alleged transferee received property of the transferor; (2) that the transfer was made without consideration or for less than adequate consideration; (3) that the transfer was made during or after the period *255 for which the tax liability of the transferor accrued; (4) that the transferor was insolvent prior to or because of the transfer of property or that the transfer of property was one of a series of distributions of property that resulted in the insolvency of the transferor; (5) that all reasonable efforts to collect from the transferor were made and that further collection efforts would be futile; and (6) the value of the transferred property. Gumm v. Commissioner, 93 T.C. 475, 480 (1989). Petitioner received the Canby property as a result of a transfer made after Allan Page's 1980 Federal income tax liability accrued. Petitioner paid $ 10 for the property which was less than adequate consideration. The value of the property transferred to petitioner exceeds the amount of the Federal income tax liability of Allan Page. We conclude that respondent has established the first, second, third, and sixth of the above-enumerated elements. We turn to the fourth element, i.e., insolvency of the transferor at the time of or as a result of the transfer. In determining whether Allan Page was insolvent or was made insolvent by the transfer, his liability for Federal income *256 taxes, plus additions, even if unknown at the time of the transfer, must be taken into account. Holmes v. Commissioner, 47 T.C. 622, 626 (1967). Based on this record, we find that Allan Page was insolvent immediately after the transfer of his residence. Allan Page was obviously left insolvent by the transfer because in the absence of the transfer, he would have been solvent under either the equity test of insolvency (the inability to meet obligations as they accrue) or the bankruptcy test for insolvency (having liabilities in excess of assets). Swinks v. Commissioner, 51 T.C. 13, 17 (1968); LaMothe v. Commissioner, T.C. Memo 1990-63. The fourth element is thus established. With respect to the fifth element, the reasonableness of respondent's collection efforts depends upon the facts of the individual case. See Zadorkin v. Commissioner, T.C. Memo 1985-137. We have found that respondent sent Allan Page a notice of deficiency and made an assessment against him. Respondent's attempts to levy on Allan Page's wages were thwarted by Mr. Page's providing a false social security number to his employer. *257 Respondent was unable to find any real or personal property in Allan Page's name after the transfer of the property to petitioner. We find that respondent made all reasonable efforts to collect the unpaid tax and additions to tax from Allan Page. Accordingly, respondent has established the fifth element for establishing transferee liability. We next determine, under State law the existence and extent of liability of petitioner as a transferee. In Oregon, transferee liability is determined under the State's fraudulent conveyance statutes. Hughey v. Lind, 92 Ore. App. 433, 758 P.2d 431 (1988). Or. Rev. Stat. sec. 95.070 (1979) provides: Every conveyance or assignment in writing or otherwise of any estate or interest in lands, goods or things in action, or of any rents or profits issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents or profits thereof, made with the intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts or demands, and every bond or other evidence of debt given, suit commenced, decree or judgment suffered with the like intent, as *258 against the person so hindered, delayed or defrauded is void. [2]
Or. Rev. Stat. section 95.090 provides that fraudulent intent is an issue of fact. In an action charging a fraudulent conveyance, the creditor normally has the burden of proving by a preponderance of the evidence that a transfer was made with the intent to hinder, delay or defraud a creditor. Hughey v. Lind, supra at 433. However, if there are certain badges of fraud, the burden shifts to the transferee to show that the conveyance was not made with an intent to defraud creditors, that the consideration was fair and adequate, and that no benefit was secured or reserved to the grantor. Hughey v. Lind, supra at 433. In Evans v. Trude193 Ore. 648, 240 P.2d 940 (1952), the Supreme Court of Oregon identified *259 several badges of fraud, including: A recital in the deed of inadequate consideration; that the transfer was made in anticipation of a lawsuit; that the debtor was rendered insolvent; that the transfer was of all or substantially all of the debtor's property; that the debtor retained control over the property after the transfer; that creditors were thereby hindered or delayed in their ability to collect from the debtor; and that a close relationship existed between the transferor and the transferee. See also Nelson v. Hansen, 278 Ore. 571, 565 P.2d 727 (1977). Based on the record and our previous conclusions, we find these badges of fraud present in the instant case. Thus, the burden of proof is on petitioner to show that the transfer was not made to defraud creditors, that it was supported by fair and adequate consideration, and that no benefit was secured or reserved to the grantor. This petitioner has failed to do. We are of the opinion that the transfer made by Allan Page to petitioner was made with the intent to defraud an existing creditor, the United States, of its debt owing from him in the form of income taxes and additions thereto for *260 the taxable year 1980. Accordingly, we conclude that petitioner is the transferee of a fraudulent conveyance under Oregon law and is liable as a transferee under section 6901 for the deficiencies in income tax and additions thereto determined against Allan Page. See Douglas Family Trust v. Commissioner, T.C. Memo 1984-629. 2. Statute of Limitations
Section 6501 provides that a tax may be assessed within three years after the return was filed, and provides that in the case of failure to file a return, the tax may be assessed at any time. Section 6901(c) provides that the statutory period in the case of an initial transferee is one year after the expiration of the period of limitation for assessment against the transferor. Since the transferor (Allan Page) failed to file an income tax return for the year in issue the tax may be assessed against him at any time. Section 6501(c). Accordingly, the statutory period with regard to petitioner has not expired. 3. Respondent's Motion to Dismiss Pursuant to Rule 123(b)
Respondent's determinations, as embodied in respondent's notices of deficiency, are presumed correct. Petitioner has the burden of *261 proving that respondent's determinations in the notice of deficiency are wrong. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). With respect to respondent's motion to dismiss, Rule 123(b) provides as follows: Rule 123(b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof, and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.
Dismissal of a case is a sanction resting in the discretion of the trial court. Durgin v. Graham, 372 F.2d 130, 131 (5th Cir. 1967); Levy v. Commissioner, 87 T.C. 794, 803 (1986). Glenda Page did not appear at Court on October 4, 1989, when petitioner's case was called for trial. Although petitioner submitted a "brief" (filed as Petitioner's Supplemental Trial Memorandum and Exhibits) in lieu of appearance at trial, petitioner *262 continued to bear the burden of proving respondent's determinations were in error. See Smith v. Commissioner, a Memorandum Opinion of this Court dated February 9, 1953. Petitioner's "brief," as well as petitioner's answering brief, served no useful purpose and merely contained additional protester arguments. Glenda Page, petitioner's representative, refused all attempts by respondent to prepare the case for trial and has failed to introduce competent evidence to dispute respondent's determination. Accordingly, respondent's motion to dismiss those issues to which petitioner has the burden of proof, pursuant to Rule 123(b), will be granted. See Stringer v. Commissioner, 84 T.C. 693, 706 (1985), affd. 789 F.2d 917 (4th Cir. 1986). 4. Penalty to the United States under section 6673
We now consider, on our own motion, whether to impose sanctions against petitioner Page Family Trust under section 6673. We have required a penalty to be paid to the United States on our motion in applicable cases where we are convinced that a taxpayer's position in the proceeding is frivolous or groundless and the proceeding was instituted primarily for *263 delay. See Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, 82 T.C. 403, 410 (1984). Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous, groundless, or instituted primarily for delay, we may require the taxpayer to pay to the United States a penalty in an amount not in excess of $ 25,000. Section 6673(a), as amended by section 7731 of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400. This Court has repeatedly required a penalty under section 6673 in cases which have been dismissed under Rule 123(b) due to a taxpayer's failure properly to prosecute his case. See Masters v. Commissioner, T.C. Memo 1985-116, affd. by unpublished opinion 791 F.2d 937 (9th Cir. 1986); see also Urwyler v. Commissioner, T.C. Memo 1990-188. In this case, petitioner refused to reply to respondent's attempts to consult and prepare this case for trial, made continuous groundless attempts to postpone or continue the trial, disregarded the Court's order concerning trial preparation and refused to appear at *264 trial, after the Court made it clear at the calendar call of this case that the continuous attempts to postpone the trial had failed. These actions show that petitioner through its representative intended to abuse Tax Court Rules for the sole purpose of delaying the final disposition of the case in this Court and postpone the day it would be billed for income taxes and additions due as a transferee of assets. Accordingly, we hold that petitioner Page Family Trust is required to pay to the United States a penalty in the amount of $ 5,000. See Richardson v. Commissioner, T.C. Memo 1991-159. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended, and in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Superseded, in 1985, by the enactment of the Uniform Fraudulent Transfer Act, codified at Or. Rev. Stat. sections 95.200-95.310↩ (1989).