NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**YOLDAS ASKAN,**

*Plaintiff-Appellant*

**v.**

**FARO TECHNOLOGIES, INC.,**

*Defendant-Appellee*

**JOHN DOES 1-10,**

*Defendant*

---

2019-2412

---

Appeal from the United States District Court for the Middle District of Florida in No. 6:18-cv-01122-PGB-DCI, Judge Paul G. Byron.

---

Decided:  April 8, 2020

---

YOLDAS ASKAN, Birmingham, United Kingdom, pro se.

BEVERLY A. POHL, Nelson Mullins Riley & Scarborough LLP, Fort Lauderdale, FL, for defendant-appellee.  Also represented by NICOLETTE VILMOS, Orlando, FL; LLOYD GARRETT FARR, Atlanta, GA.

---

Before DYK, SCHALL, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

### DECISION

Yoldas Askan appeals the dismissal of his complaint for patent infringement against FARO Technologies, Inc. ("FARO"). He also appeals related orders denying his motions for reconsideration and clarification. The United States District Court for the Middle District of Florida, Orlando Division, dismissed Mr. Askan's complaint as a sanction under Federal Rule of Civil Procedure 37 for his refusal to comply with discovery procedures. *Askan v. FARO Techs., Inc.*, No. 6:18-cv-1122-Orl-40DCI, 2019 WL 2206918 (M.D. Fla. Mar. 11, 2019), App. 1–3 (the "March 11th Order"). The court issued a subsequent order denying Mr. Askan's motion for reconsideration. Order, *Askan v. FARO Techs., Inc.*, No. 6:18-cv-1122-Orl-40DCI, (M.D. Fla. April 11, 2019), ECF No. 117, App. 13. The court also issued a text order (i.e., a text-only entry on the court's docket that does not include a written analysis) denying Mr. Askan's motion for clarification. App. 25–26. We *affirm* the court's decisions.

### DISCUSSION

### I.

Mr. Askan, through counsel, filed suit for patent infringement against FARO in the Middle District of Florida, Tampa Division.[1] The case was transferred to the Orlando

---

[1] Mr. Askan's original complaint included two counts of infringement by "John Does 1–10." Complaint, No. 6:18-cv-1122-Orl-40DCI, (M.D. Fla. June 21, 2018), ECF No. 1 at 13–15. The original complaint identifies John Does 1–10 as "unidentified affiliates or customers of FARO . . . who use one or more of FARO's infringing products." *Id.* at 2.

Division after Mr. Askan did not respond to an order to show cause not to do so. App. 38–39. Mr. Askan's amended complaint alleged infringement of two U.S. patents that name him as the inventor. *Id.* at 63, 66–71.[2]

In the Orlando Division, Mr. Askan failed to timely file a case management report despite FARO's counsel repeatedly contacting Mr. Askan's counsel, Mr. Wayne Harper. *Id.* at 5. The court set a hearing to be held on October 10, 2018, to address case management issues. *Id.* at 50. Mr. Askan and Mr. Harper failed to appear for the hearing, however, and the court assessed FARO's costs as a

---

Mr. Askan's amended complaint, entered November 14, 2018, does not list "John Does 1–10" as defendants in the case caption and asserts infringement only by FARO. *See generally* App. 62–73. In a March 6, 2019 text order, the district court required Mr. Askan to show cause within fourteen days why the complaint against John Does 1–10 should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m), which requires service upon a defendant within ninety days of the filing of a complaint. *Id.* at 24. Prior to the end of the fourteen-day period, the court issued the March 11th Order and directed that the case be closed. *Id.* at 1–3. This action necessarily rendered the court's order to show cause regarding John Does 1–10 moot.

[2]  Mr. Askan's original complaint included counts for infringement of three patents: U.S. Patent No. 8,705,110 ("the '110 patent"), U.S. Patent No. 9,300,841, and an "Issuing Patent" identified as corresponding to Application No. 15/043,492. Complaint, No. 6:18-cv-1122-Orl-40DCI, ECF No. 1 at 4, 13–15. Mr. Askan's amended complaint does not include a count for infringement of the '110 patent and was updated to provide the patent number for the "Issuing Patent": U.S. Patent No. 10,032,255 (issued July 24, 2018). App. 63, 66–71.

sanction. *Id.* at 50–51, 274.[3]  On October 26, 2018, Mr. Harper withdrew as counsel for Mr. Askan. *Id.* at 58–61.

On November 7, 2018, new counsel, Mr. Alexander Cohen and Mr. Joel Rothman, entered an appearance for Mr. Askan. *Id.* at 20.  Approximately a month later, on December 5, 2018, the district court granted a motion by Mr. Cohen and Mr. Rothman to withdraw, citing "irreconcilable differences." *Id.* at 5.  The court advised Mr. Askan that as a pro se litigant he was still obligated to comply with the deadlines in the case and the laws, rules, and orders of the Court, including the Federal Rules of Civil Procedure. *Id.* at 126.  Failure to do so, advised the court, "may result in sanctions including but not limited to a dismissal of this case for a failure to prosecute." *Id.* at 127.

While proceeding pro se, Mr. Askan repeatedly engaged in inappropriate and unprofessional behavior. *See, e.g.*, FARO's Req. for Status Conference, *Askan v. FARO Techs., Inc.*, No. 6:18-cv-1122-Orl-40DCI, (M.D. Fla. Dec. 21, 2018), ECF No. 75, App. 161–65 (quoting Mr. Askan's e-mails to FARO's counsel).

The court held a hearing on January 23, 2019 to address, inter alia, a motion by FARO to compel discovery.

---

[3]    The day before the October 10, 2018 hearing, the court denied a motion filed by Mr. Askan's counsel to appear telephonically.  App. 19.  The motion was denied for failure to follow a local rule that requires that a moving party "confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" and provide a corresponding certification.  M.D. Fla. R. 3.01(g); App. 19.  In its text order denying the motion, the court directed Mr. Askan that, should he wish to re-file the motion, he should provide the court with three potential dates for rescheduling the hearing. *Id.*  Mr. Askan never filed a renewed motion to reschedule. *Id.* at 50.

App. 282–301.  The court ordered Mr. Askan, again represented by his original counsel Mr. Harper, to fully respond by January 30, 2019 to a request for production served on Mr. Askan by FARO.  In addition, the court awarded FARO its fees incurred in making the motion to compel.  *Id.* at 214–16; 293–95. [4]

Mr. Askan failed to respond to FARO's request for production by the court-ordered deadline.  In due course, FARO moved for sanctions under Federal Rule of Civil Procedure 37, seeking dismissal of the case.  *Id.* at 217–21.

Magistrate Judge Daniel C. Irick considered FARO's motion for Rule 37 sanctions and issued a Report and Recommendation that the case be dismissed and that FARO be awarded its attorneys' fees and expenses.  *Askan v. FARO Techs., Inc.*, No. 6:18-cv-1122-Orl-40DCI, 2019 WL 2210690 (M.D. Fla. Feb. 22, 2019), App. 4–11.  The Report and Recommendation outlined Mr. Askan's behavior, and noted that the case was "plagued with issues arising from Plaintiff's failure to adequately prosecute this case."  App. 4–5.  Indeed, the Report and Recommendation indicated, Mr. Askan had failed to oppose FARO's motion for sanctions.  *Id.* at 9.  Mr. Askan did not object to the Report and Recommendation.  FARO objected only to the extent the Report and Recommendation did not specifically state that the case should be dismissed "with prejudice."  *Id.* at 222–25.

In the March 11th Order, the district court adopted the Magistrate Judge's Report and Recommendation.  Although noting that "[d]ismissal of a complaint with

---

[4]    The district court later quantified the sanctions owed to FARO, assessing $4,402.60 against Mr. Harper and $4,890.00 against Mr. Askan.  App. 26.  FARO states that these sanctions have not been paid.  Appellee's Br. 12 n.3.

prejudice is such a drastic remedy that a district court should . . . apply it only in extreme circumstances," the court indicated that this sanction "may be appropriate where a plaintiff's failure to comply involves 'either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply.'" March 11th Order, 2019 WL 2206918 at *1 (quoting *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977)). The court concluded that dismissal with prejudice was appropriate, reasoning:

> As noted in the Report, Plaintiff has "willfully, in bad faith, and in disregard of his responsibilities failed to comply with the Court's Order." Furthermore, since the case was filed eight months ago, "Plaintiff has been sanctioned twice and has failed to: respond to an order to show cause; timely file a case management report; appear for a hearing; comply with the Court's Order compelling discovery; and, most recently, respond to three separate motions by Defendant."

*Id.* (quoting Report and Recommendation, 2019 WL 2210690 at *3) (citations omitted). The court continued:

> These repeated violations establish a "clear record of delay or willful contempt," far beyond mere negligence or confusion. Given these "extreme circumstances," the Court finds that dismissal with prejudice is warranted.

*Id.* (first quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 2010) (addressing "failure to prosecute" under Fed. R. Civ. P. 41(b)), then quoting *Griffin*, 564 F.2d at 1172 (dismissal under Fed. R. Civ. P. 37)).

The court issued a subsequent order denying a motion for reconsideration filed by Mr. Askan. App. 13. Mr. Askan filed a subsequent "Motion for Clarification," which the court also denied. App. 25–26.

## II.

We apply regional circuit law when we review a district court's decision to sanction a litigant pursuant to Federal Rule of Civil Procedure 37. *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 560 F.3d 1291, 1304 (Fed. Cir. 2009). The Eleventh Circuit's review of a district court's decision to impose sanctions under Rule 37 is "sharply limited to a search for an abuse of discretion and a determination that the findings of the trial court are fully supported by the record." *OFS Fitel, LLC. v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1360 (11th Cir. 2008) (citations omitted). In addition, the Eleventh Circuit "will generally not review a magistrate judge's findings or recommendations if a party failed to object to those recommendations below." *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017) (citing 11th Cir. R. 3-1). "Consequently, [the Eleventh Circuit] will only review a waived objection, for plain error, if necessary in the interests of justice. *Id.* (citing 11th Cir. R. 3-1) Review for plain error in civil appeals in the Eleventh Circuit is rare and requires a greater showing of error than in criminal appeals. *Id.* (first citing *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011), then citing *United States v. Levy*, 391 F.3d 1327, 1343 n.12 (11th Cir. 2004)).

Under plain error review, the Eleventh Circuit "correct[s] an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Dupree v. Warden*, 715 F.3d 1295, 1301 (11th Cir. 2013) (citations omitted)).

The Eleventh Circuit reviews the denial of a motion for reconsideration for abuse of discretion. *Auto. Alignment & Body Serv., Inc. v. State Farm Auto. Ins. Co.*, 2020 WL 1074420 at *3 (11th Cir. Mar. 6, 2020). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on

clearly erroneous facts, or commits a clear error in judgment." *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005).

Mr. Askan contends that the district court's dismissal with prejudice is "excessively unfair" since "the case was not decided on its merits." Appellant's Br. 67. Mr. Askan argues that the district court failed to "take into account FARO's unlawful and inequitable conduct" and "ongoing" patent infringement. *Id.* at 68–69. In fact, the vast majority of the arguments Mr. Askan makes in his brief are directed to the merits of the underlying patent dispute, which is not relevant to whether the district court erred in granting FARO's motion under Rule 37. *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) ("Finally, the probable merit of a litigant's case does not preclude the imposition of a default judgment sanction against that litigant. 'Discovery orders must be obeyed even by those foreseeing ultimate success in the district court.'" (quoting *United States v. $239,500 in U.S. Currency*, 764 F.2d 771, 773 (11th Cir.1985))).

We have reviewed the parties' briefs and the record. We see no "plain error" in the district court's decision to adopt the Report and Recommendation. Further, even if the "plain error" standard were not to apply, Mr. Askan has not established that the district court applied the wrong law, followed the wrong procedure, based its decision on clearly erroneous facts, or committed a clear error in judgment in either its decision to adopt the Report and Recommendation or in its subsequent decisions on Mr. Askan's motions for reconsideration and clarification.

CONCLUSION

For the foregoing reasons, we affirm the decisions of the district court.

**AFFIRMED**

ASKAN v. FARO TECHNOLOGIES, INC.                    9

COSTS

Costs to FARO.